## CLARKE COUNTY *v.* HERRINGTON, ordinary, *et al.*

The authority vested in the ordinary of Clarke county by the act creating the Athens dispensary (Acts 1890-91, vol. II, p. 436), to agree with the mayor of the City of Athens upon the basis upon which the net profits of the dispensary are to be divided between the city and county, is not such a power in trust as that the execution of the same will be by a court of equity compelled in a given way, at the instance of the county as a beneficiary of a trust ; nor will a court of equity at all control the action of the ordinary in the matter, in the absence of allegations of collusive, corrupt, or fraudulent conduct on his part.

        Submitted March 2, — Decided April 25, 1901.

Equitable petition.   Before Judge Russell.   Clarke superior court.   April 10, 1900.

*Strickland & Green* and *H. C. Tuck,* for plaintiff.
*Lumpkin & Burnett* and *F. C. Shackelford,* for defendants.

COBB, J.   The Athens dispensary was created in 1891. See Acts 1890-91, vol. II, p. 436.   There were in the act the following provisions: "The dispensary commissioners shall make an annual report to the Mayor and Council of the City of Athens on or before the first day of February in each year, showing the receipts and ex-

penses of the dispensary of the calendar year preceding, and the amounts of the net profits of the dispensary, if any. Such net profits, if any, shall be equitably divided between the City of Athens and the County of Clarke, upon a plan to be agreed upon each year by the mayor of the City of Athens and the ordinary of the County of Clarke for the time being, and if they fail to agree the said mayor shall select a citizen of said city, and the ordinary shall select a citizen of said county residing out of the city, and these two shall select a citizen of said county, who may be either a resident or a nonresident of the city, and the three thus selected shall report in writing to the mayor and ordinary a plan of division of the net profits shown by the report of the dispensary commissioners, between the city and county, and such plan shall be adopted and followed for that year by the mayor and council. The part of the net profits awarded to the city at any time may be appropriated by the mayor and council to any purpose that they may lawfully appropriate money for; and the part awarded to the County of Clarke shall be paid over by the city treasurer to the county treasurer, and may be appropriated by the ordinary to any purpose that the county authorities may lawfully appropriate money for." In 1897 an act was passed vesting the control and management of county affairs in a board of county commissioners. See Acts 1897, p. 387. It was held in *Clarke County* v. *Smith*, 108 *Ga.* 327, that the power vested in the ordinary under the section of the dispensary act above quoted remained in him notwithstanding the passage of the act of 1897. From the time the dispensary was established until 1899 the ordinary and mayor had each year agreed upon a division under which the city received five sixths and the county one sixth of the net profits of the dispensary.

In 1899, under the authority of the county commissioners, there was filed in the name of Clarke County an equitable petition, in which it was set up that the division theretofore made between the city and county was unjust and inequitable, and that the proper division would be one based upon taxable property; that when the ordinary originally agreed to the division "he made a mistake as to what the result would be," losing sight of the fact that when the one-sixth apportioned to the county was appropriated to any county purpose the city received five sixths of this one-sixth; that the county commissioners had requested the ordinary not to agree on

any terms of division not deemed by them equitable, and that he should allow them to fix the terms, and to this request the ordinary had replied "that he should agree with the mayor as he thought was right and proper," and declared that he considered the division which had been made equitable. It is alleged "that the power reserved in the ordinary by the dispensary act and the act appointing commissioners for Clarke County is a power without an interest, and the exercise thereof is subject, peculiarly, to the supervision of equity; that a court of equity has the power to relieve against a mistaken or defective execution or collusive or illusory execution of a power, and likewise in all cases where discretion of the exercise of a power is given, equity has jurisdiction to compel the faithful execution of such power." It is further alleged that the ordinary "uncontrolled will again agree with the mayor for Clarke County to receive one sixth of the money now on hand for distribution, or a proportion something like that. The ordinary, having agreed on this so long, while he was in charge of the finances of the county and chargeable therewith, is attempting to defend his conduct then by a similar exercise of the power now. That in this way he is attempting and will, if unrestrained, use the power for his own benefit, in that he is defending his former conduct by fixing an amount for the county while the commissioners have charge of the same as when he had charge." The petition, while distinctly disavowing any intention to charge the ordinary with doing an act which he considers improper, avers that in law his "conduct is illusive, and is not a faithful execution of the power conferred." It is distinctly charged that the county "is entitled to such an amount of the money now for distribution as the whole taxable property of the county, including the city, bears to the taxable property of the city alone. That nothing else would be equitable. That the said S. M. Herrington, ordinary, in order to faithfully execute the power vested in him, would be bound to insist on this sort of a division, and, upon failure to get it, to refer the matter to arbitration as provided by statute. The said Herrington refuses to insist on such claim or anything like it, though requested so to do. That his refusal is an abuse of the power vested in him, and is a refusal to faithfully execute the power conferred on him; that he refuses to exercise the power for the interest of your petitioner, and thus leaves your petitioner with a right to an equitable proportion of the

money for division, without a remedy to enforce the same, if the said S. M. Herrington, ordinary, be allowed to illusively exercise the power conferred for the purpose of defending his former mistakes. That the danger contemplated will be consummated unless a court of equity intervenes at once; and should this happen, your petitioner would be remediless." The prayers of the petition were, that the ordinary and mayor be enjoined from agreeing on a division upon the basis theretofore agreed on; that the ordinary be compelled to agree on a division based on taxable property, as above indicated; that if the ordinary and mayor could not agree, the arbitrator for the county be a person selected by the commissioners; that the court decree what would be an equitable division; and for general relief. To this petition the defendants filed demurrers, both general and special; and these demurrers being sustained, the plaintiff excepted.

There was no equity in the petition, and the court properly sustained the demurrers upon this ground. The dispensary act merely imposes upon the individual who is for the time being the ordinary of the county the duty of representing the county in the matter of the division of profits arising from the dispensary. What is the proper proportion to be given to the county is a question directed to the sound judgment and discretion of this individual; and so long as he does not act collusively, corruptly, or fraudulently in the matter, the courts will not interfere, even though the basis of division is not satisfactory to the county authorities or the people of the county. It is contended by counsel for the plaintiff in error that there are such allegations of fraud in the petition as would authorize a court of equity to interfere. All of the averments of the petition which are claimed to constitute allegations of fraud are set forth in the foregoing statement of facts. It is extremely doubtful whether these averments make even a case of legal fraud, and it is certain that none of them make a case showing such conduct on the part of the ordinary as would constitute fraud involving moral turpitude; and it is this class of fraud which is necessary to be charged in order to authorize a court of equity to interfere with a public officer or a quasi-public officer in the manner in which he is discharging a duty about which he has a discretion. There is no averment that the ordinary and the city authorities are colluding together; there is no averment that the conduct of the ordinary

is influenced by any corrupt motive. No sufficient reason is assigned in the petition for the interference of a court of equity in the matter. The authority vested in the ordinary by the dispensary act is not such a power in trust as that an execution of the same will be compelled in a given way at the instance of the county as a beneficiary of the trust.

*Judgment affirmed. All concurring, except Lewis, J., absent.*