MOORE, executrix, *vs.* DUTSON, next friend.

1. Where the evidence was conflicting, the credibility of witnesses was for the jury; and the court below being satisfied with the verdict, this court will not interfere.

2. Where an action of trover was brought against an executrix, and the declaration alleged that she was in possession of the property and had converted it to her own use, the plaintiff was a competent witness to testify as to any matter that occurred after the death of the testator between her and the executrix. All that was stated as to any act of the testator in this case, was drawn out on cross-examination.

3. The verdict was not contrary to the charge of the court.

4. Trover having been brought to recover a cow, and the plaintiff having testified that its value was fifty dollars and that it was worth sixty cents a day for hire, a verdict for seventy-five dollars, which was not greater than the amount fixed by the plaintiff's testimony, was not objectionable as being in excess of the highest proved value, although other witnesses fixed the value at a less amount.

November 12, 1887.

Witness. Verdict. Trover. Before Judge EVE. City Court of Richmond County. June Term, 1887.

Reported in the decision.

CHAS. Z. McCORD, by HARRISON & PEEPLES, for plaintiff in error.

F. W. CAPERS, JR., by brief, for defendant.

SIMMONS, Justice.

Mrs. Cynthia Dutson, as next friend for her minor children, brought an action of trover against Mrs. Moore, executrix of Henry Moore, alleging that Mrs. Moore was in possession of one brindled cow and two calves to which the petitioner claimed title, and of the value of $100, and that the defendant, Mrs. Moore, had converted them to her own use, and refused to deliver the cow and calves to the petitioner, or pay her the profit thereof. Mrs. Moore filed a plea of not guilty, and a special plea that her testator had acquired the property *bona fide* for value without notice by the trustee. On the trial of the case, the evidence for the plaintiff was, in substance, that Mrs. Dutson's mother-in-law had given her and her children certain personal property, including a cow, in a trust deed, not to be subject to the debts of the husband of Mrs. Dutson, or for any contract that he might execute; with the power in Mrs. Dutson, the trustee, to dispose of the same at any time without an order of court. This trust deed was proved upon the testimony of Southall, who testified that he wrote the deed, and that the copy introduced in evidence was a substantial copy of the same; that the deed had never been recorded either in South Carolina, where it had been made, or in Georgia in Richmond county, whither Mrs. Dutson had removed in 1878 or 1879.

Mrs. Dutson testified, over objection of the defendant, that a cow had been given to her and her children by their grandmother, and had two calves and died; that she swapped the two calves to Johnson for the cow in dispute; and that when she and her husband left Mr. Moore's place, which they had been renting, she took the cow with her, but that it got away and went back to Mr. Moore's place; that she then went after it, and the overseer refused to give it to her; that the cow was worth fifty dollars, and

had a calf which went off to Moore's place also. She testified that she had never sold or pledged the cow to any one ; and that she had sold the milk and butter from the cow, and that it brought her upon an average sixty cents per day.

Johnston testified that he had swapped cows with Mrs. Dutson, and that the cow he had let her have was worth about twenty dollars, and was a common " piney woods " cow. There were other witnesses who testified to the cow's being hers.

Henry P. Moore, son of the defendant, testified that Mrs. Dutson was the tenant of his father during his lifetime, and that her husband was indebted to his father for rent. He took charge of the estate after his father's death and found the cow in dispute among the cows on the plantation. No demand for the cow was made until after his father's death. A possessory warrant was sworn out for the cow, and on the trial of the case, the cow was awarded to his mother by the court.

Bennett, a witness for the defence, testified that he heard Mrs. Dutson and her husband sell the cow to Mr. Moore for provisions ; that Mr. Moore let them have the provisions and take the cow ; and that the cow ran with Mr. Moore's stock.

Wyman also swore that he heard the same trade made between the plaintiff and Mr. Moore, and that at the time of the trade, neither Mrs. Dutson nor her husband gave any notice that this cow in dispute belonged to Mrs. Dutson and to her children, or as to its being trust property ; and it was not until the trade was made that Mrs. Dutson told him she had gotten eighteen dollars for the cow, and could get it back if she was mean enough to do it.

The defendant attempted to impeach Mrs. Dutson by proving that she formerly pledged the cow to one Lee for provisions, Mrs. Dutson having sworn that she had never sold or pledged the cow to any one. Lee testified that she

had pledged it to him. The defendant also put in a portion of Mrs. Dutson's testimony given in the justice's court, in which she testified that she had put the cow in Mr. Lee's possession in pledge for provisions for herself and children.

This, in substance, was the evidence before the jury. They returned a verdict for seventy-five dollars in favor of the plaintiff. The plaintiff in error moved for a new trial upon the grounds contained in the motion. The court overruled the motion, and the defendant excepted and assigned the same as error. The first three grounds are the usual ones, that the verdict is contrary to the evidence and without evidence to support it, against the weight of evidence, and contrary to law.

1. While perhaps we would not have found this verdict if we had been on the jury, yet the credibility of the witnesses was for the jury; and they having believed Mrs. Dutson, the plaintiff, and the court below being satisfied that the verdict was right, we are not disposed to disturb it, especially as this was the second verdict found upon the same evidence.

2. We see no error committed by the court as complained of in the 4th ground of the motion. The declaration alleged that Mrs. Moore was in possession of the cow, and had converted it to her own use; and anything that transpired between Mrs. Moore and Mrs. Dutson, or any act of Mrs. Moore, could be testified to by Mrs. Dutson. She testified nothing on her direct examination concerning any act or fact that occurred between her and Mr. Moore, the testator, and all that was said by her as to any act of the testator was drawn out upon cross-examination by the defendant. We think she was a competent witness to testify to any matter that occurred after the death of Mr. Moore between her and Mrs. Moore, the executrix, especially as she alleges that the possession was in Mrs. Moore, and that the conversion was by her.

3. The 6th and 8th grounds allege that the jury found contrary to the charge of the court. The law as charged by the court was correct, if the facts sustained the charge. The evidence was conflicting as to whether Mr. Moore purchased this cow from Mrs. Dutson or not. She testified, on cross-examination by the defendant, that she never had sold to him. The defendant introduced two witnesses that she had sold it. The jury saw proper to believe the plaintiff's testimony, and we cannot say that they erred in so doing. If there had been no dispute as to the fact of the sale to Moore, and the jury had found as they did, then the 6th and 8th grounds would have been well taken; but there being a conflict as to the sale, and the jury having found that there was no sale, the law in these grounds was not applicable to that state of facts, and the jury did not find contrary to the charge.

4. The 7th ground is, that the verdict is in excess of the highest proved value. The testimony on this point is also conflicting, Mrs. Dutson testifying that the same was worth $50, and the other witnesses testifying that it was worth $20. The jury had a right to believe Mrs. Dutson and find the highest amount, as testified to by her. She also testified that the cow was worth sixty cents a day for hire, and the jury gave her, we suppose, $25 for the hire of the cow, which makes up their verdict of $75. They having a right, as we said before, to believe Mrs. Dutson, and the court below being satisfied with it, we will not disturb their verdict.

Judgment affirmed.