## CLARKE COUNTY *v.* SMITH, mayor.

There is nothing in the act approved December 15, 1897, creating a board of commissioners of roads and revenues for the County of Clarke, which, either expressly or by necessary implication, transfers to the members of that board the power and duty of agreeing with the mayor of Athens upon a division of the net profits of the Athens dispensary between the City of Athens and the County of Clarke, which were devolved upon the ordinary of Clarke County by the act of August 31, 1891, providing for the establishment and maintenance of such dispensary.

Argued June 20, — Decided July 22, 1899.

Petition for mandamus. Before Judge Russell. Clarke county. May 25, 1898.

*Strickland & Green* and *H. C. Tuck*, for plaintiff.
*Shackelford & Shackelford*, for defendant.

FISH, J. Under the provisions of an act of the General Assembly, approved August 31, 1891, a dispensary for the sale of liquors was established in the City of Athens. The act provided that the city should furnish the money to start the business of the dispensary, which was to be paid back to the city out of the profits, and that after the city was thus reimbursed, the net profits, if any, should thereafter "be equitably divided between the City of Athens and the County of Clarke, upon a plan to be agreed upon each year by the mayor of the City of Athens and the ordinary of the County of Clarke for the time being"; and that if they failed to agree, the mayor should select a citizen of the city, and the ordinary should se-

lect a citizen of the county residing out of the city, and these two should select a citizen of the county, either a resident or a non-resident of the city, and the three thus selected should report in writing to the mayor and ordinary a plan of division of the net proceeds between the city and the county, which plan should be adopted and followed for that year. Under an act of the legislature, approved December 15, 1897, a board of commissioners of roads and revenues for the County of Clarke was established. In February, 1899, there was, in the hands of the Mayor and City Council of Athens, a fund, arising from the profits of the dispensary, of between eleven and twelve thousand dollars, for division between the city and the county. The county commissioners, claiming that the act creating the board of commissioners of roads and revenues conferred upon said commissioners the power and duty in relation to the division of the net proceeds of the dispensary which the dispensary act had conferred upon the ordinary, made a demand upon Smith, the mayor of Athens, that he should confer with them and agree upon an equitable division of this fund between the city and county, and, in the event that they could not agree upon a plan of division, that they respectively should select arbitrators, as provided by the dispensary act. The mayor refused to comply with this demand, claiming that the ordinary of the county alone could exercise the power and discharge the duty which the commissioners claimed devolved upon them in the premises. Thereupon the county commissioners brought a petition for mandamus against the mayor, in the name of the county, in which they sought to compel him to act with them in the matter. A mandamus nisi issued; and at the hearing the defendant demurred to the petition, which demurrer was sustained and the mandamus nisi dismissed; whereupon the plaintiff excepted.

Counsel for the plaintiff in error contend that the question "whether the ordinary or the commissioners have the power and authority to deal with the mayor as to the profits of the dispensary, . . turns upon the legal effect of the act of 1897, creating the commission," and that by section four of that act the power and authority in this respect conferred upon

the ordinary by the dispensary act have been transferred to the board of commissioners of roads and revenues of Clarke county. We do not think that this contention is sound. Section four of the act creating the board of commissioners provides "that said commissioners shall have power to exercise exclusive and original jurisdiction and control in Clarke county over all county matters that are now vested by law in the ordinaries of the various counties of the State, so far as relates to roads, bridges, public buildings, property, misdemeanor convicts, management of the county jail and its fees, the control and maintenance of its paupers, assessing and collecting taxes, disbursing public money for county purposes, and the execution of all laws in reference thereto." It will at once be observed that the power conferred upon the commissioners by this section of the act is the "power to exercise exclusive and original jurisdiction and control in Clarke County over *all county matters that are now vested by law in the ordinaries of the various counties of the State*," in relation to the several matters enumerated. The words which we have italicized are not only words of grant, but words of limitation also. They confine the exclusive and original jurisdiction of the board of commissioners to such county matters as were, at the time of the passage of the act, "vested by law in the ordinaries of the various counties of the State." It is, therefore, evident that if there was any power vested by law in the ordinary of Clarke County which was not vested in the ordinaries of the various counties of the State, such power was not conferred upon the board of commissioners. The power conferred upon the ordinary of Clarke County in reference to an equitable division of the net profits of the Athens dispensary between the city and the county was clearly a power the like of which was not vested in the ordinaries of the various counties of Georgia. Not being a power such as was vested by law in the ordinaries of the various counties of the State, it was not, by the act creating the board of commissioners of roads and revenues of Clarke county, transferred from the ordinary of that county to the members of that board.

In this discussion we have waived the question whether the power and duty in relation to providing for an equitable divi-

sion of the net proceeds of the dispensary were conferred simply upon the individual who, for the time being, may be holding the office of ordinary, or were devolved upon him as ordinary, because we think that it is clear that even if they were conferred upon him in his official capacity, they have not been transferred to the board of commissioners.

Counsel for the plaintiff in error say : "When we turn to section 4238 of the code to see what were the county matters vested by law in the several ordinaries, we find this language : 'The ordinary, when sitting for county purposes, has original and exclusive jurisdiction over the following matters, to wit : In directing and controlling all the property of the county as he may deem expedient according to law.' The language of the act in question uses the same expression, as to the commissioners, that the law of the code did as to the ordinary." They then contend that the money in the hands of the City of Athens for division and the rights of the County of Clarke in relation thereto, are both property, and as the county commissioners have the right to control and direct all the property of the county as they deem expedient according to law, it necessarily follows that they are entitled to exercise the power in reference to the division of this fund for which they contend in the present case. Irrespective of what we have already said, in reference to the construction of the two legislative acts in question, we think this argument is clearly fallacious. Is the ordinary of Clarke County sitting for county purposes, when he is conferring with the mayor of Athens and endeavoring with him to agree upon a plan for an equitable division of the net profits of the dispensary between the city and the county? We do not think so. If he can be said to be sitting as ordinary at all, is he sitting any more for county purposes than for city purposes, when the purpose of his sitting is to see that an *equitable* division is made between the county and the city? When an ordinary sits for county purposes, he sits alone, and has original and *exclusive* jurisdiction, a jurisdiction which, it is obvious, can not be shared by any other officer, State, county, or municipal, or by any private citizen. Again, the jurisdiction of an ordinary, sitting for county purposes, being exclu-

sive, he could not, if sitting for such purposes, abdicate his jurisdiction in favor of a board of arbitrators. Certainly the General Assembly, when passing the Athens dispensary act, could not have contemplated that the ordinary of Clarke County when discharging the duty imposed upon him by that act would be sitting for county purposes. More might be said by way of demonstrating that the contention of the county in this matter is unsound, but we deem it unnecessary.

*Judgment affirmed. All the. Justices concurring.*