SOUTH CAROLINA & GEORGIA R. R. CO. *v.* POWELL.

In the trial of a suit against a railroad company for the killing of a mule by the running of its trains, where there was no evidence tending to contradict the positive testimony that the defendant's employees could not by the exercise of all ordinary care and diligence have prevented the injury, a verdict for the plaintiff should, upon motion of defendant's counsel, have been set aside on the ground that it was contrary to evidence.

Argued June 7, — Decided July 25, 1899.

Action for damages.    Before Judge Reese.    Glascock superior court.    August term, 1898.

*B. F. Walker* and *Bryan Cumming*, for plaintiff in error.

LEWIS, J.    J. H. Powell brought suit in a justice's court against the South Carolina & Georgia Railway Company, for damages resulting from the killing of a mule by its train.    The case was tried on appeal in Glascock superior court, where a verdict was rendered by the jury for the plaintiff for $75.    The defendant made its motion for a new trial, on the general grounds that the verdict was contrary to the evidence and without evidence to support it, and contrary to law.    It appeared on the trial of the case that the mule was killed on the defendant's track at night by its passenger-train.    It was shown in behalf of the defendant, that its employees in charge of the moving train were in the exercise of all ordinary care and diligence when the accident occurred.    The testimony of the engineer was to the effect that he did not see the animal until within fifteen or twenty yards of it, and that it was utterly impossible for him to stop the train before striking the mule.    He did all in his power by reversing the engine and putting on brakes, and had no time to blow the alarm whistle before the animal was hit.    It further appeared from the testimony that in traveling at night at that rate of speed a mule could not be seen suf-

ficiently to distinguish what it was more than fifty or sixty yards ahead, even when in the center of the track; and that the headlight did not indicate to the engineer objects on the side of the track until reaching within a very short distance of them; that even if the mule had been in the center of the track, it being down grade and at night, at that rate of speed it was impossible to stop the train within fifty yards. There was no testimony whatever in conflict with this. The only conflict in the evidence was as to whether the mule was coming towards the engine or going from it when struck. The evidence in behalf of the plaintiff below tended to show that it was going from the engine, and that in behalf of the com-. pany that it was coming towards the engine. One witness, who was apparently disinterested, testified to tracing tracks of the mule going down outside of the railroad-track to the point where he turned to get on the track; that, after turning, the tracks indicated the mule then went in the direction from which the engine came; and that the mule was struck in the forehead, his breast was bruised, and front leg broken: thus corroborating defendant's contention that the animal was struck while meeting the train. This conflict, however, is immaterial, as there was no testimony contradicting the positive evidence that the mule got upon the track and in sight of the engineer at a time when it was impossible for the latter to prevent the accident. The railroad company, therefore, having overcome the presumption of negligence cast upon it by proof of the killing of the stock, under the uniform rulings of this court the verdict for the plaintiff was contrary to the evidence, and the court below erred in overruling the defendant's motion for a new trial.

<div style="text-align:center">

*Judgment reversed.    All the Justices concurring.*