## 1689.   SMITH *v.* THE STATE.

Ordinarily, where intoxicating liquors are found in a person's place of
business, an inference that he is guilty of a violation of the prohi-
bition law, in keeping such liquors at his place of business, may arise.
But where the uncontradicted evidence shows that the liquor was
brought into his place of business and hidden therein without his
knowledge, by one not connected with the place of business, this infer-
ence of guilt would cease to be of sufficient evidentiary value to au-
thorize a conviction.

Certiorari, from Baldwin superior court—Judge Lewis.   Jan-
uary 13, 1909.

Submitted March 9,—Decided March 16, 1909.

*D. B. & D. S. Sanford*, for plaintiff in error.

*Joseph E. Pottle*, solicitor-general, *Carl Vinson*, contra.

HILL, C. J.   The plaintiff in error was convicted of a violation
of the prohibition law, in that he "did keep on hand at his place
of business in the city of Milledgeville, Ga., to wit, his restaurant
and café, alcoholic, spirituous, malt, and intoxicating liquors."
The only evidence in support of the verdict is the fact that two
pints of whisky were found hidden in one corner of his restaurant,
covered up by dirt.   The defendant denied all knowledge of the
whisky, and aided the officers in making search therefor.   In ad-
dition to his denial of any knowledge of the presence of the whisky
in his restaurant, it was positively testified by his daughter, a
married woman, who had no connection with the restaurant, that
she, on the day the whisky was found, had brought it into her
father's restaurant without his knowledge, and had hidden it in
the restaurant where it was found, intending to take it away that
night.   In addition to this positive testimony, it was shown by
another witness that this woman had sold him a pint of whisky,

for which she had been tried and convicted in the city court. The defendant proved a good character.

Finding intoxicating liquors in the place of business of the defendant would ordinarily raise against him an inference of guilt; yet we think that where, as in this case, the evidence shows that the liquor was taken into the defendant's restaurant and hidden in a corner and covered up with dirt, without his knowledge, such inference of guilt would be fully removed; and a verdict of guilty, based alone on such inference, would be wholly unauthorized.

*Judgment reversed.*