### 5027.   WARDLAW *v.* FREDERICK, executrix.

HILL, C. J.  1. Where an answer is demurred to on the general ground that the allegations thereof are irrelevant and insufficient and do not set up any matter of defense, and the demurrer fails specifically to point out in what particular they are irrelevant and insufficient, and it appears that some of the paragraphs demurred to do set up matters which are relevant and material, in testing the relevancy and sufficiency of matters of defense thus set up, the facts alleged in all the paragraphs will be considered together; and if, in the light of the allegations embraced in all the paragraphs, there is a sufficient defense, there would be no error in a judgment overruling the demurrer. *Antognoli* v. *Miller,* 116 *Ga.* 621 (42 S. E. 1006).

2. Where a paragraph in an answer contains both relevant and irrelevant matter, it will be purged of the irrelevant matter on special demurrer pointing out such irrelevancy; but if the demurrer goes to the paragraph as a whole, without specifying the irrelevant matter, the demurrant can not complain that the entire paragraph of the answer is not stricken. *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (71 S. E. 414).

3. It was erroneous to admit in evidence the deed from the defendant's testator to the plaintiff. The plaintiff offered evidence in support of her contention that at the date of the death of her brother, the testator, he was indebted to her in the amount sued for. The defendant pleaded that this indebtedness, if it ever existed, had been settled by a conveyance of real estate from the decedent to the plaintiff. The deed introduced in evidence recited that it was based upon a consideration of love and affection and $10. There was no evidence to authorize a finding that this deed was intended by the grantor and accepted by the grantee as a settlement and satisfaction of the debt for which the plaintiff sued. In the absence of some evidence of this character, the deed was wholly

irrelevant to any issue on trial in the case. For the same reason it was erroneous to admit the prior conveyances showing title in the decedent to the same property.

4. It was erroneous to admit in evidence a written agreement between the plaintiff and the defendant in reference to certain other matters pending between them, in which it was recited that the plaintiff claimed an indebtedness of $1,750 without interest, and that nothing in the agreement was intended to prejudice this claim. The agreement was irrelevant to any issue on trial, and the mere recital therein that the plaintiff claimed an indebtedness of $1,750, "without interest," did not amount to an agreement not to demand interest, and did not operate as an estoppel upon the plaintiff to claim interest on the indebtedness.

5. Plaintiff having proved her case as laid, and there being no evidence whatever introduced by the defendant to sustain the defense relied upon, a verdict for the plaintiff was demanded, and the court erred in not setting aside the verdict for the defendant and granting a new trial.

*Judgment reversed.*

DECIDED OCTOBER 7, 1913.

Action for money had and received; from city court of Columbus —Judge Tigner. June 11, 1913.

*Hatcher & Hatcher,* for plaintiff in error.
*Henry R. Goetchius, William de L. Worsley,* contra.