### 10855.   CENTRAL OF GEORGIA RAILWAY CO. *v.* POOLE.

JENKINS, P. J.   1. This court has held as the law of the case that the petition sets forth a cause of action. See *Poole* v. *Central of Georgia Ry. Co.,* 23 *Ga. App.* 285 (97 S. E. 886), in which the main allegations of the petition are set forth. The defendant now seeks to have a judgment in the plaintiff's favor set aside on a motion containing the general grounds only.

2. While it is a well-settled rule that where the evidence of a plaintiff or a defendant is contradictory within itself, vague, or equivocal, it must be construed most strongly against him (*Watkins* v. *Woodbery,* 24 *Ga. App.* 80, 100 S. E. 34 (5)), this principle of law does not govern or control this case under its facts. While in one instance the plaintiff swore on cross-examination, "I don't know what struck me," every fact and every circumstance testified to both by the plaintiff and by every other witness tends abundantly to show that the plaintiff was struck at night by a backing freight car, and was, as he says, "dragged by the car" along the track a considerable distance, mashing his foot to such an extent as to necessitate its amputation. The one instance in which he used the words first quoted, when construed in connection with the entire evidence in the case, including the plaintiff's own evidence, and with especial reference to the plaintiff's evidence as given in immediate connection with the expression quoted, must necessarily be taken to mean that he did not know what hit him in the sense that he did not directly see the impact at the time it unexpectedly occurred. The same reasoning applies to the plaintiff's expression, in answer to a propounded question, "The one *next to. the depot* was the side-track upon which I stood." The plaintiff had specifically fixed his position at the time of the accident as being "one foot or two feet from the side-track," and in answer to another question stated, "I was nearer to

the track than I was to the door." The answer first quoted must, therefore, in fairness, be taken to have special reference to *which* track was being testified about, rather than to his exact position in reference thereto. The plaintiff repeatedly testified in substance that he was standing somewhere near in front of the waiting-room. The fact that while testifying to this fact, and insisting that such was the case, he may have failed to designate such position correctly by indicating it with a cross-mark on a rather small photograph of the locality, when requested to do so by the defendant's counsel, need not necessarily bring the evidence of the plaintiff within the application of the legal rule above stated, especially as the plaintiff, an old man, protested his inability to thus correctly designate his position, for the reason that he could not well see the photograph.

3. The plaintiff could not, under any view of the testimony given in this case, be accounted as a trespasser; the verdict is not without evidence to support it; it has the approval of the trial judge, and this court does not feel authorized to set it aside.

*Judgment affirmed.   Stephens and Smith, JJ., concur.*
DECIDED MARCH 11, 1920.

Action for damages; from city court of Oglethorpe — Judge Moon presiding. July 22, 1919.

*Yeomans & Wilkinson,* for plaintiff in error.
*Hatcher & Smith,* contra.