### 11973. WRIGHT *v.* BELL.

Where there was no evidence to support a verdict for the defendant, and positive and unequivocal evidence demanded a verdict for the plaintiff, for a specific amount, a verdict for the defendant should have been set aside, on motion for a new trial, as being contrary to law.

DECIDED APRIL 14, 1921.

Distraint; from Barrow superior court — Judge Cobb. October 28, 1920.

A distress warrant was levied for rent alleged to be due in 1917. A counter-affidavit was made and bond given, as provided by statute, and on the trial of the issue thus made the verdict was adverse to the plaintiff. Her motion for a new trial was overruled, and she excepted. The evidence in her behalf, substantially stated, makes the following case: The defendant rented 100 acres of land from the plaintiff in the year 1917, under a contract to pay her one third of the corn and one fourth of the cotton to be grown on the rented land, she to pay for half of the fertilizers used by the tenant. The plaintiff and four witnesses testified positively that in the year 1917 the tenant made 30 bales of cotton and no corn; that early in January, 1918, he settled with her for 23 bales of cotton, according to the contract; that after this partial settlement he made and sold seven bales more, for which he had made no settlement and paid no part of the rent. It was admitted that no corn had been made. It was also admitted by the plaintiff that she owed one fourth of the cost of the fertilizer for the year 1917, the total amount being $247.50. The plaintiff proved also that the market price of cotton during the month of January averaged 31 cents per pound. The defendant introduced no evidence.

*J. C. Knox,* for plaintiff.
*Lewis C. Russell, Joseph D. Quillian,* for defendant.

Hill, J. (After stating the foregoing facts.) We are somewhat puzzled to understand why the jury found the verdict. The evidence indisputably demanded a verdict for the plaintiff. Counsel for the defendant in error, in his brief, states as the only reason for the verdict that "the plaintiff had not proved any definite amount of cotton or corn that had been raised or produced by the defendant, and left the jury absolutely without any evidence from which it could reasonably calculate that the defendant was due the plaintiff any amount as rent." This conclusion seems not to be supported by the undisputed evidence which was unequivocally that the defendant had made 30 bales of cotton and no corn; that he had settled with the plaintiff for 23 bales, but had not settled for the seven additional bales. The market price of cotton for the month of January, 1918, when the balance of the rent should have been paid, was proved to have been 31 cents per pound, and it was admitted by the plaintiff that she owed one-fourth of the balance of the fertilizer which she had agreed to pay, the total amount being $247.50. It was but a plain, simple mathematical calculation, from the undisputed evidence, as to how much cotton the defendant had raised for the year 1917, how much he had settled for, and how much he still owed after deducting from the balance of the rent the amount due by the plaintiff for fertilizers. The special grounds of error set out in the motion for a new trial and approved as true by the judge were, first, "that the court erred in not submitting to the jury in his charge, under the evidence in said case, the question of whether or not the defendant, Zion Bell, had settled with the plaintiff, Mrs. M. A. Wright, for the seven bales of rent cotton in controversy gathered by the defendant from plaintiff's farm, in which the plaintiff contended that he had not," and, second, "that the court erred in not submitting to the jury the question of whether or not the defendant had settled with the plaintiff for the cottonseed from the seven bales of cotton in controversy, gathered by the defendant from plaintiff's farm, in which the plaintiff contended in said case that he had not." As these two items constituted the only matters to be determined, upon which there was direct and positive proof for the plaintiff and none for the defendant, it is possible that the failure of the trial judge to charge the jury upon these two issues left the jury under the impression that there was no issue before them for determina-

tion. However this may be, it is manifest that the verdict against the plaintiff was contrary to law, as there is not a scintilla of evidence to support it, and as the evidence in behalf of the plaintiff clearly demanded a verdict for the plaintiff for a definite amount, proved by the evidence in her behalf, and that a new trial should be granted on this general ground, irrespective of any error excepted to in the two special grounds of the motion.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*