## TAGGART v. SAVANNAH GAS COMPANY et al.

BELL, J. This was a suit against the gas company and certain of its employees, to enjoin an alleged "campaign" on the part of the defendants to interfere with the business of the plaintiff in selling an instrument or appliance for reducing the consumption of gas; and to recover alleged actual, general, and exemplary damages. The defendants denied the material allegations of the petition. On the trial the court, at the close of the evidence on both sides, directed a verdict in favor of the defendants, and the plaintiff excepted. The bill of exceptions includes an assignment of error upon the rejection of evidence. *Held:*

1. When the plaintiff's right to recover depends upon the establishment of a particular fact, and the only proof offered for this purpose is circumstantial evidence which does not demand a finding in the plaintiff's favor, he is not entitled to recover when by the positive and uncontradicted testimony of unimpeached witnesses, which is perfectly consistent with the circumstantial evidence relied on by the plaintiff, it is affirmatively shown that no such fact existed. *Frazier* v. *Georgia Railroad & Banking Co.*, 108 *Ga.* 807 (33 S. E. 996); *Emory University* v. *Bliss*, 35 *Ga. App.* 752 (134 S. E. 637), and cit.

2. In the present case the evidence by which the plaintiff sought to prove a campaign or combination to injure him in the conduct of his business was entirely circumstantial; and even if the circumstances would have authorized an inference favorable to the plaintiff's contention, they were consistently and conclusively explained by the evidence for the defendants, under the principle stated in the preceding note.

3. As to statements by individual defendants with respect to the value or serviceability of the plaintiff's device, there was no evidence that the statements were not made in good faith, or that the plaintiff suffered damage therefrom; and the plaintiff could not recover for sayings unfavorable to the appliance, without proving, among other things, that the words were used with malicious intent, and that he sustained special damage thereby. *Schoen* v. *Maryland Casualty Co.*, 147 *Ga.* 151 (93 S. E. 82); *King* v. *Neill*, 33 *Ga. App.* 552 (126 S. E. 896); 37 C. J. 133-134, §§ 591, 608, 609.

4. The evidence tended to show that one or two of the devices belonging to the plaintiff had come into the possession of the defendant gas company, and that the company had not accounted to the plaintiff therefor. The plaintiff sued for the value of one of such appliances, but did not introduce any evidence to show its value. Accordingly, no recovery could be had on this account.

5. There being no evidence to show that the defendant company reduced the heating capacity of its gas for the purpose of making the plaintiff's customers believe that his device was of no value in reducing consumption, or that it at any time changed the heating capacity for any purpose, there was no error in rejecting evidence that the gas furnished by the company possessed a lower heating capacity than that required by the Georgia Public Service Commission. Proof of this one additional fact would not have strengthened the other evidence by which the plaintiff sought to show a campaign or combination to interfere with or injure his business, and would not have been relevant for any purpose.

6. Under the evidence as a whole, together with that which the court rejected, the jury could not legally have found a verdict in the plaintiff's favor either for damages or injunction; and the court did not err in directing the verdict in favor of the defendants.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*

No. 9877. JULY 13, 1934.

*Gazan, Walsh & Bernstein,* for plaintiff.
*Adams, Adams & Douglas,* for defendant.