28178. MORGAN *v.* THE STATE.

DECIDED APRIL 9, 1940.

*J. L. Smith,* for plaintiff in error.
*Robert D. Tisinger, solicitor,* contra.

GUERRY, J. The defendant was convicted of possessing unstamped whisky in Carroll County. The evidence was that the sheriff and his deputies raided the defendant's home in the early morning. The sheriff went in the front door and found the defendant in bed, asleep, in a front room. A deputy went to the back door and there found the defendant's seventeen-year-old son and a negro man on the doorsteps. He went inside the house into the kitchen and there found the defendant's wife. There were two gallons of whisky in the sink, one container being a tin can and the other a glass jug. The defendant's wife took the whisky and put it in a box with a lid on it, back of the stove. The defendant's mother and sister lived in the house with him. On the back porch was a case of twenty-four pint bottles which had previously contained whisky. The defendant introduced the negro man who was there at the time of the raid. He swore, that he had been working for the defendant around his home for fourteen years and lived on his place near the defendant's home; that he bought the whisky that morning, only a short time before, from some man he did not know, who said he lived in Alabama and who came by there in a car loaded with whisky; that he carried the whisky to the defendant's house, and that at the time he bought it it was in two tin cans, but he had poured the contents of one of the cans into a glass jug; that the defendant did not know the whisky was there and did not authorize him to buy it nor did he furnish the money to pay for it; and that this was the first time the witness had ever carried whisky to the defendant's home to change containers.

The finding of two gallons of unstamped whisky in the defendant's home created a legal presumption that he was the owner and possessor thereof. This presumption was rebuttable. The jury evidently disbelieved the negro witness who swore that he had car-

ried the liquor to the defendant's home without the defendant's knowledge or consent. This witness also swore that the whisky he carried there was on the back porch, and not in the kitchen where it was found by the officers. We can not say that this testimony of this witness demanded a finding that the presumption raised by the presence of the whisky in the defendant's home was rebutted. That case of twenty-four empty whisky bottles, which had previously contained whisky, together with the fact that the whisky was in the house and was being handled by the defendant's wife, may have influenced the jury in concluding that this loyal negro servant was trying to protect his master in claiming the whisky as his own. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*