### 29463.  CHAFFIN v. COMMUNITY LOAN & INVESTMENT CO.

SUTTON, J.  1. "The interest of a witness in the result of the suit may always be considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." *Detwiler* v. *Cox*, 120 *Ga.* 638 (48 S. E. 142).

2. "Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 261 (175 S. E. 577).

3. Applying the above-stated principles of law to the facts of the present case where, pursuant to a judgment, an execution was issued and levied on certain described personal property with entry by the levying officer that it was found in the possession of the defendant in execution, and the wife of the defendant filed a claim to the property, but on the trial of the claim case gave no testimony, and the only testimony in her behalf was that of her husband, the defendant in fi. fa., to the effect that he purchased with his own funds the property in question and verbally gave it to his wife then and before the judgment on which the execution was based was obtained and the levy was made, and that it was in her possession at the time of the levy, and the plaintiff in execution introduced in evidence the execution with the entry of levy, reciting that the property was found in the possession of the defendant in fi. fa., and also an instrument embodying a note and bill of sale to secure the same, signed by the defendant and his wife, and jointly and severally conveying the property in question, the property being "in our possession," etc., and the defendant testifying that his wife signed at the request of the plaintiff but that he alone borrowed the money represented by the note, the verdict in favor of the plaintiff in execution was authorized, and the court did not err in overruling the motion for new trial based on the usual general grounds only.  See in this connection *Cotton States Fertilizer Co.* v. *Childs*, 179 *Ga.* 23 (174 S. E. 708).

*Judgment affirmed.  Stephens, P. J., and Felton, J., concur.*

DECIDED MAY 8, 1942.  REHEARING DENIED MAY 30, 1942.

*Lowndes Calhoun,* for plaintiff in error.
*George F. Fielding,* contra.