35761. CLIFTON *v.* DUNN.

DECIDED JULY 15, 1955.

*Gilbert E. Johnson, Oscar C. Burnett, Jr.,* for plaintiff in error.
*I. Clinton Helmly, Jr.,* contra.

NICHOLS, J. The defendant admitted signing the notes, and there was no conflict in the evidence as to the amount paid by the defendant and the amount received by the plaintiff as the result of the sale of the business by the sheriff; therefore the only question is whether the evidence produced on the trial demanded the verdict directed by the trial court.

The defendant testified that he had purchased the property and operated it for ten or eleven days, that within three or four days after he began operating the business certain persons began

to claim some of the property which was sold to him by the plaintiff, that the articles claimed were valuable, and that because the plaintiff had included them in the sale of the business the. defendant was fraudulently induced to purchase the business. He further testified that on March 31, 1951, which was the tenth or eleventh day that he operated the business, he made a payment of $250 in accordance with the terms of the notes. And on that same day, after he had made the payment, he learned that the plaintiff had fraudulently induced him to purchase the business by including in the sale property that the plaintiff did not own, and immediately upon finding out about this fraud he rescinded the contract of purchase.

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague or equivocal." *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (1) (51 S. E. 438) ; *Shepard* v. *Chappell*, 29 *Ga. App.* 6 (113 S. E. 23). Accordingly, the testimony of the defendant must be construed to mean that within three or four days after he took over the business he learned of the fraud complained of and on the tenth or eleventh day he made a payment in accordance with the contract, and then, when he learned of the fraud, attempted to rescind the contract after affirming it by making a payment on one of the notes. Where a person after knowledge of a fraud continues to make payments under a contract instead of rescinding it, such action amounts to a waiver of the fraud and an affirmance of the contract. *Tuttle* v. *Stovall*, 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168). Therefore, in the present case where the purchaser knew of the fraud and continued to pay on the notes his action amounted to an affirmance of the contract.

The defendant argues that the sale by the sheriff of the property in question was void because the record of the foreclosure proceeding did not have an entry that the levy was made and also that the plaintiff had gone into possession of the property by posting a forthcoming bond before it was sold by the sheriff. The defendant in his answer stated that a levy was made on the property, and on the trial of the case testified that he was served by the sheriff. Under the ruling of the Supreme Court in *Bank of Forsyth* v. *Gammage*, 109 *Ga.* 220 (34 S. E. 307), the defendant

was concluded from setting up any defense which he could have set up during the foreclosure proceedings.

The trial court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*