## 36446. MIKELL v. THE STATE.

GARDNER, P. J. The defendant was charged with possessing "moonshine whisky." A jury convicted him and he was sentenced to pay a fine of $150 plus $19.50 costs on bond forfeiture, and twelve months probated service on the public works camps or at the State Prison Farm, this being probated provided the defendant paid the fine and costs. The defendant filed an amended motion for new trial on the general grounds only, which motion was denied, and the case is here for review.

The evidence shows that while the defendant and his family were eating supper one Ernest Mikell came into the kitchen and offered the defendant a drink, which the defendant accepted; that Ernest Mikell pulled a half-pint bottle containing a small amount of whisky out of his pocket; that up to this time the defendant did not know that Ernest Mikell had any whisky in his possession; that Ernest Mikell stated that the whisky belonged to him and not to the defendant. Deputy Sheriff Bailey testified on behalf of the State that he and a county policewoman, Carolyn DeLoach, went to the home of the defendant and found a half-pint bottle about one-fourth full of whisky in the defendant's kitchen. On cross-examination he testified that he didn't know whose whisky it was; that "I am not swearing that it belonged to the defendant. . . I am not swearing that the defendant put it there . . . there were several people there where they were eating supper." Carolyn DeLoach testified that she and the deputy sheriff found no other whisky in the house of the defendant or on the premises; that they found no empty bottles or vessels of any kind. On cross-examination she testified, "I am not swearing that the whisky belonged to the defendant"; otherwise her testimony was substantially the same as that of the deputy sheriff. The defendant in his statement denied ownership of the whisky, and stated that he did not know that the visitor had the whisky until the visitor offered the defendant a drink.

Counsel for the State cites seven cases in support of the contention that the conviction should be allowed to stand. None of the cases cited are in point. Counsel for the defendant cites two cases. Only one is in point, namely *Graham* v. *State* 150 *Ga.* 411, 412 (104 S. E. 248), wherein the Supreme Court said: "Whisky may be administered by a physician, taken unawares, or taken from the hand of another merely for the purpose of drinking the whisky. In the circumstance last supposed, the act of taking whisky from the hand of another is merely incident to the act of drinking the whisky, and can in no proper sense be held to be within the inhibition of a criminal statute which declares that it shall be unlawful 'for any . . . person or individual . . . to have, control, or possess, in this State, any of said enumerated liquors or beverages.' The legislative intent and purpose is manifested when the words 'have', 'possess' and 'control' are used in association." The evidence of the State's witnesses is not positive as to the possession of the whisky and is not sufficient to sustain the verdict.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 21, 1956.

628

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.