### 37508. HALPERN *v.* STRICKLAND.

DECIDED JANUARY 27, 1959.

W. G. Neville, Wm. J. Neville, for plaintiff in error.

Cohen Anderson, contra.

NICHOLS, Judge. "As was said by the Supreme Court in Adler v. Adler, 207 Ga. 394, 405 (61 S. E. 2d 824), 'This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it.' See also Knox v. Knox, 213 Ga. 677, 679 (101 S. E. 2d 89)." Canal Ins. Co. v. Winge Bros., 97 Ga. App. 782, 787 (104 S. E. 2d 525).

On the trial of the case the jury returned a verdict for the plaintiff but in a lesser amount than that sued for. The plaintiff testified as to the cost of completing the installation of the system, and the defendant presented evidence that many of the things done by the plaintiff had to be done over because such work had been improperly done in the beginning. As to many of these items the cost was shown and the jury would have been authorized to find that in addition to the work admitted by the plaintiff to be necessary, some, but not all, of the other items were deductible from the amount which would have been

due the plaintiff under the contract if the installation of the heating and air conditioning system had been completed by him. The verdict was authorized by the evidence, and the trial court did not err in denying the defendant's motion for new trial based on the usual general grounds only.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*