## 39800.  SELLERS v. THE STATE.

DECIDED MARCH 15, 1963—REHEARING DENIED MARCH 28, 1963.

*Kimzey & Kimzey, Herbert Kimzey,* for plaintiff in error.
*Ollie M. Stowe, Solicitor,* contra.

JORDAN, Judge. The only question before us is whether the evidence in this case is sufficient to authorize the revocation of a probationary sentence under *Code Ann.* § 27-2713.

"Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance." *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313); *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124). Probation of sentence ". . . comes as an act of grace to one convicted of a crime. . ." Escoe v. Zerbst, 295 US 490, 492 (55 SC 818, 79 LE 1566). "The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain." Burns v. United States, 287 US 216, 220 (53 SC 154, 77 LE 266).

This does not mean that the probationer can be made the victim of whim or caprice. *Williams v. State,* 162 Ga. 327, 328 (133 SE 843); *Sparks v. State,* 77 Ga. App. 22, 24 (47 SE2d 678); Burns v. United States, 287 US 216, 223, supra. Our statutes (*Code Ann.* § 27-2713 and former *Code* § 27-2705) expressly give him the right to notice and a hearing on the question of revoking probation. *Johnson v. State,* 214 Ga. 818, 819, supra; *Balkcom v. Gunn,* 206 Ga. 167 (56 SE2d 482). The fail-

ure to afford the probationer such notice and a hearing would render a revocation order void for lack of due process of law. *Lester v. Foster*, 207 Ga. 596 (63 SE2d 402). However, a hearing on a revocation ". . . is not a trial on a criminal charge . . ." and the probationer has no right to a trial by jury. *Johnson v. State*, 214 Ga. 818, 819, supra. It is somewhat like an application for a change of venue, which is "of a civil nature." See *Wilburn v. State*, 140 Ga. 138, 140 (78 SE 819).

As to the sufficiency of the evidence to authorize revocation, ". . . the trial judge is *not bound by the same rules of evidence* as a jury in passing upon the guilt or innocence of the accused in the first instance. It is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The judge is the trior of the facts. He has a very wide discretion." (Emphasis supplied). *Allen v. State*, 78 Ga. App. 526, 528-529 (51 SE2d 571); *Price v. State*, 91 Ga. App. 381 (2) (85 SE2d 627). This discretion ". . . takes into account the law and the particular circumstances of the case and is directed by the reason and conscience of the judge to a just result." *Sparks v. State*, 77 Ga. App. 22, 24, supra. Only "slight evidence" is required. *Faulkner v. State*, 101 Ga. App. 889 (115 SE2d 393). This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. *Waters v. State*, 80 Ga. App. 104, 108 (55 SE2d 677); *Atkinson v. State*, 82 Ga. App. 414, 416 (61 SE2d 212); *Harrington v. State*, 97 Ga. App. 315, 320 (103 SE2d 126). The reason for flexibility is obvious. The probationer ". . . is still a person convicted of an offense, and the suspension of his sentence remains within the control of the court. The continuance of that control, apparent from the terms of the statute, is essential to the accomplishment of its beneficent purpose, as otherwise probation might be more reluctantly granted, or when granted, might be made the occasion of delays and obstruction which would bring reproach upon the administration of justice." Burns v. United States, 287 US 216, 222, supra.

The acts of 1962 (Ga. L. 1962, p. 133, *Code Ann.* § 38-415; Ga. L. 1962, p. 453, *Code Ann.* § 27-405), cited in the dissenting

opinion, and the former Code sections which these acts amend, apply to the "testimony of the accused" in "criminal trials." They are not relevant to the present case because a hearing on a revocation of a probationary sentence is not a criminal trial. *Johnson v. State,* 214 Ga. 818, 819, supra; *Sparks v. State,* 77 Ga. App. 22, 23, supra. And it is not necessary to discuss the question whether the trior of fact in a civil or criminal case is bound by testimony of a party witness that is not directly contradicted, for the reason that in a revocation proceeding the trial judge is not bound by the rules of evidence applied in ordinary civil or criminal cases. *Allen v. State,* 78 Ga. App. 526, 528, supra; 24 CJS 912, 914-916, § 1618 (11).

Though not bound by the rules, we do call attention to liberality extended to the trior of fact in considering matters which go to the credibility of a witness. "The jury can not arbitrarily disregard the evidence of any witness, which is not contradicted or discredited by other evidence or circumstances. The jury should regard the testimony of every witness sworn. *They are not obligated to believe it,* but it is their duty to give to the evidence of witnesses the weight to which, in their opinion as conscientious men seeking after the truth, they believe it is entitled . . ." *Brunswick &c. R. Co. v. Wiggins,* 113 Ga. 842, 844 (39 SE 551, 61 LRA 513). (Emphasis supplied.) There is a difference in arbitrarily or capriciously *disregarding* testimony and in *disbelieving* it upon a consideration of all circumstances arising from the evidence. There is nothing here to indicate that the defendant's testimony was *disregarded.* And see *Detwiler v. Cox,* 120 Ga. 638 (48 SE 142); *Eberhardt v. Bennett,* 163 Ga. 796, 805 (137 SE 64); *Hancock v. Wilson,* 214 Ga. 60 (102 SE2d 551); *Jones v. Teasley,* 25 Ga. App. 784, 788 (105 SE 46); *Neill v. Hill,* 32 Ga. App. 381 (2a) (123 SE 30); *Fincher v. Harlow,* 56 Ga. App. 578 (193 SE 452); *McRae v. Wilby,* 59 Ga. App. 401, 410 (1 SE2d 77); *Caldwell v. Caldwell,* 59 Ga. App. 637, 643 (1 SE2d 764); *Georgia Highway Exp. v. Sturkie,* 62 Ga. App. 741, 747 (9 SE2d 683); *Chaffin v. Community Loan &c. Co.,* 67 Ga. App. 410 (1) (20 SE2d 435); *Krasner v. Croswell,* 76 Ga. App. 421, 422 (46 SE2d 207). "[W]here the witnesses' testimony is contradicted by circumstances that can be taken as incompat-

ible with such direct evidence . . . the courts and the juries are not bound to refrain from exercising their own judgments and blindly adopt the statement of a witness or witnesses for the simple reason that no other witness has denied the testimony and that the character of such witness has not been impeached." *Annis v. State*, 85 Ga. App. 188, 192 (68 SE2d 473). And see *Goldwire v. State*, 56 Ga. App. 379 (192 SE 643).

The evidence relied upon by the State in this case created a legal presumption that the defendant was the owner and possessor of non-taxpaid liquor in violation of *Code Ann.* § 58-1056 (*Morgan v. State*, 62 Ga. App. 493, 8 SE2d 694). Whether the presumption was rebutted was for the trior of fact. *Bryant v. State*, 106 Ga. App. 182, 185 (126 SE2d 538). Another circumstance arising from the evidence which tends to contradict the defendant's testimony was that defendant's daughter grabbed the liquor, ran to the front yard and poured it out.

Even under the rules in a civil or a criminal proceeding, the judge would have been at liberty to consider these circumstances, together with the defendant's interest in the result of the proceeding, his appearance at the time of testifying, his manner of testifying, and the reasonableness or unreasonableness of his testimony, and from these arrive at his own conclusion as to whether the testimony was credible and whether it should be disbelieved.

It is important, too, that we keep in mind that in the instant proceeding *the defendant was not on trial to determine whether or not he was guilty of possession of nontax-paid whisky*. On that charge he is entitled to have and will have his day in court under all of the rules, rights and privileges prevailing in criminal trials in this State.

Under the rules of law applicable to this type of proceeding and under the record in this case we cannot say that the trial court's adjudication that the plaintiff in error had violated his probation was a manifest abuse of discretion.

*Judgment affirmed. Bell, Frankum, Hall, Eberhardt and Russell, JJ., concur. Felton, C. J., Carlisle, P. J., and Nichols, P. J., dissent.*

NICHOLS, Presiding Judge, dissenting. I must dissent, for the

evidence adduced on the hearing to revoke the defendant's probation was insufficient to show that the defendant had violated the terms of the judgment placing him on probation.

The majority opinion recognizes that it would be a violation of due process of law to revoke a probationary sentence without notice, or without a hearing, yet it insists the rules of evidence do not apply. *Code* § 38-108 provides: "Generally the rules of evidence are the same in all the courts, and upon every trial the exceptions shall exist only by express statute." The case of *Allen v. State*, 78 Ga. App. 526, 529 (51 SE2d 571), from which the majority opinion quotes, shows that the court was not talking about the rules of evidence but the quantum of evidence. It was further said in that case: "The statute guarantees to the probationer the right to due examination by the court before the probation sentence may be revoked. See *Roberts v. Lowry*, 160 Ga. 494 (2) (128 SE 746); *Johnson v. Walls*, 185 Ga. 177 (194 SE 380). Such due examination means that the probationer be given notice and an opportunity to be heard upon the question of whether he has, by his conduct, committed acts authorizing the court to revoke his probation. This right would indeed be rendered impotent if the court be permitted, after hearing the evidence, to revoke the probation on mere suspicion; especially where there is positive and uncontradicted testimony by unimpeached witnesses absolving the defendant of the slightest culpable conduct. If the rule were otherwise than as here expressed, there would be no occasion for such due examination. Although the trial court on a hearing for the revocation of probation has wide discretion, and although only slight evidence will support a judgment of revocation, some evidence is required." Accordingly, the question is presented as to whether the evidence adduced upon the trial of the issue made by the application to revoke the probation authorized such revocation.

The appellate courts of this State do not decide if the quantum of evidence necessary to support the finding of a jury or of a judge hearing a case without the intervention of a jury has been met. " 'As was said by the Supreme Court in *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824), "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on

disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." See also *Knox v. Knox*, 213 Ga. 677, 679 (101 SE2d 89).' *Canal Ins. Co. v. Winge Bros.*, 97 Ga. App. 782, 787 (104 SE2d 525)." *Halpern v. Strickland*, 98 Ga. App. 890, 891 (107 SE2d 227). However, where a verdict is demanded for one party and the trior of facts finds for the other party a new trial will be granted, *Wardlaw v. Frederick*, 13 Ga. App. 594 (79 SE 523); *Wright v. Bell*, 26 Ga. App. 710 (106 SE 812), or, on proper motion, a judgment non obstante veredicto will be granted. *Quaker City Life Ins. Co. v. Sutson*, 102 Ga. App. 53 (115 SE2d 699); *Kicklighter v. Kicklighter*, 217 Ga. 54 (1) (121 SE2d 122); *Hearn v. Leverette*, 213 Ga. 286 (99 SE2d 147); *Minor v. Fincher*, 213 Ga. 365 (99 SE2d 78); *Bullard v. Bullard*, 214 Ga. 122 (103 SE2d 570).

Where the testimony of a party who offers himself as a witness is self-contradictory, vague or equivocal it must be construed most strongly against him, *Steele v. Central of Ga. R. Co.*, 123 Ga. 237 (1) (51 SE 438); *Shepard v. Chappell*, 29 Ga. App. 6 (113 SE 23); *Clifton v. Dunn*, 92 Ga. App. 520, 522 (88 SE2d 710), and the appellate court, under such circumstances, will decide that a verdict is demanded against such party if that version of his testimony most unfavorable to him shows that he is not entitled to recover. An exception to such rule applies where other evidence, including other witnesses, presented by such party authorizes a finding in his behalf. *Central of Ga. R. Co. v. Poole*, 25 Ga. App. 58 (2) (102 SE 461).

Jurors may not act on their private knowledge, *Code* § 110-108, and where competent evidence is adduced upon a hearing, and is uncontradicted and such witness is otherwise unimpeached the rules of law cited in the majority opinion are not applicable, for if a jury were not bound to accept uncontradicted and unimpeached testimony, not so incredible or improbable as to be un-

worthy of belief, the appellate courts could never affirm a judgment wherein a verdict was directed, *Code Ann.* § 110-104, or direct that a judgment non obstante veredicto be rendered for one party even though the jury had returned a verdict for the opposite party, *Code Ann.* § 110-113. *Code* § 38-107, which deals with the preponderance of evidence, and which generally has no application to criminal cases, is only applicable where there is a conflict in the evidence adduced on the trial of the case, and *Code* § 38-1805 which provides that credibility of witnesses is a matter to be determined by the jury also has reference to cases where a conflict in all the evidence adduced would permit a verdict for either the plaintiff or the defendant, and neither Code section has application to a case where a judgment non obstante veredicto or a directed verdict would be proper. Accordingly the court hearing the issue presented by the petition to revoke the probation is bound by the rules of evidence, *Code* § 38-108, supra, and cannot, as pointed out in the majority opinion revoke a probation on mere whim or caprice, *Williams v. State,* 162 Ga. 327, 328 (133 SE 843) ; *Sparks v. State,* 77 Ga. App. 22, 24 (47 SE2d 678), and a hearing such as the majority opinion would authorize (not controlled by the rules of evidence), would be as much a violation of due process of law as no hearing.

The majority opinion cites the case of *Brunswick &c. R. Co. v. Wiggins,* 113 Ga. 842 (39 SE 551, 61 LRA 513), as authority for the proposition that a jury or trior of facts, must consider all evidence, but after doing so may disbelieve it though it is uncontradicted and not discredited by other evidence or circumstances. This case and similar cases show, upon an examination of all the evidence introduced, that conflicts in the evidence authorize such testimony to be excluded by the jury in determining the preponderance of the evidence. The jury's verdict in the case of *Western &c. R. Co. v. Beason,* 112 Ga. 553 (37 SE 863), was overturned because the uncontradicted evidence of the defendant demanded a verdict for it, while the plaintiff's case was based on circumstantial evidence which was in conflict therewith, and it was there said: "Our conclusion is that the jury had no right to arbitrarily assume that the defendant's witnesses were unworthy of credit, or for any other reason to disregard their

testimony, which was not met by the plaintiff and which therefore demanded a verdict in favor of the [defendant] company."

The true rule was expressed by the Supreme Court in the case of *Langford v. Holton*, 187 Ga. 94, 102 (200 SE 243), as follows: "Direct and positive testimony, as distinguished from testimony circumstantial, opinionative, or actually negative in character, which is given by an unimpeached witness as to the existence of a fact apparently within his own knowledge, which is not in itself incredible, impossible, or inherently improbable, and which is not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony, cannot be arbitrarily rejected by a jury or other trier of the facts upon the mere surmise that it perhaps might not be in accord with the truth. In a case where the direct evidence is not all one way, or where there are proved facts and circumstances which could be taken as inconsistent with the direct positive testimony, the jury may always consider the relationship and the feeling of the witnesses toward the parties, as well as all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence and number. *Georgia Railroad & Banking Co. v. Wall*, 80 Ga. 202, 204 (7 SE 639); *Central of Ga. R. Co. v. Wood*, 105 Ga. 499 (30 SE 933); *S. C. & Ga. R. Co. v. Powell*, 108 Ga. 437 (33 SE 944); *Ga. So. & Fla. R. Co. v. Sanders*, 111 Ga. 128, 129 (36 SE 458); *Western & Atlantic R. Co. v. Beason*, 112 Ga. 553, 556 (37 SE 863); *Patton v. State*, 117 Ga. 230 (5) (43 SE 533); *Frazier v. Ga. R. &c. Co.*, 108 Ga. 807 (33 SE 996); *Ga. So. & Fla. R. Co. v. Thompson*, 111 Ga. 731 (36 SE 945); *Taggart v. Savannah Gas Co.*, 179 Ga. 181 (175 SE 491); *Jones v. State*, 48 Ga. 163, 164; *Moore v. Dutson*, 79 Ga. 456 (4 SE 169); *Central Railroad &c. v. Maltsby*, 90 Ga. 630 (16 SE 953); *Armstrong v. Ballew*, 118 Ga. 168 (2) (44 SE 996); *Gibbs v. State*, 8 Ga. App. 107, 108 (68 SE 742); *Neill v. Hill*, 32 Ga. App. 381 (2a) (123 SE 30); *Jones v. Teasley*, 25 Ga. App. 784, 788 (105 SE 46); Penn. R. Co. v. Chamberlain, 288 U. S. 333 (3), 341 (53 SC 391, 77 LE 819). Were this not the rule, in no case where relationship, feeling, or some personal interest of a witness might exist, would it ever be proper for the trial court to grant a nonsuit or direct a verdict, or for this court

to grant a new trial on the ground that a contrary verdict was demanded. This rule is not in conflict with the ruling in cases such as *Whiddon v. Hall,* 155 Ga. 570 (6), 578 (118 SE 347), in which it was held: 'It can not be said, as a matter of law, that the jury is bound to accept evidence as true, although not contradicted by direct evidence. The credit of this witness was for the jury,' since the ruling went only so far as to hold that impeaching *direct* evidence is not necessary; and in this connection, in this and similar cases, it appeared that there were proved circumstances contradictory in character to the direct evidence, which the jury could weigh in determining the weight to be given it. The *Whiddon* case is further distinguishable by the additional holding therein, 'Besides, there was some evidence' on the point in question." The case of *Laramore v. Minish,* 43 Ga. 282, wherein it is held that the interest of a party was sufficient to authorize a jury to disbelieve them was another case where the evidence adduced was conflicting and the statement as to credibility again was one based on a case where the jury had to determine whom to believe. This was also true in the recent case of *Bell v. Proctor,* 212 Ga. 325 (92 SE2d 514).

In cases involving the illegal possession of nontax-paid liquor where the State's case was based on the presumption that the head of the household possessed such liquor it has been consistently held that such presumption is rebuttable and is successfully rebutted where there is uncontradicted evidence that the nontaxpaid liquor is not the defendant's. See *Smith v. State,* 5 Ga. App. 834 (63 SE 928); *Mikell v. State,* 94 Ga. App. 627 (95 SE2d 691); *Gibbs v. State,* 8 Ga. App. 107 (68 SE 742). The presumption is also rebutted where the evidence shows other persons had an equal opportunity to commit the crime. *Harper v. State,* 85 Ga. App. 252 (69 SE2d 102).

The evidence adduced by the State raised the presumption that the liquor belonged to the defendant, but his sworn testimony (That the nontax-paid liquor was not at the house when he left and that the liquor was not his), was not contradicted and no evidence was adduced that would authorize such evidence to be impeached. Under the acts of 1962 (Ga. L. 1962, p. 133, *Code Ann.* § 38-415; Ga. L. 1962, p. 453, *Code Ann.* § 27-405), the

right of the defendant to testify under oath cannot be disputed, and where as here his testimony is uncontradicted and where, under the record, no effort was made to impeach him in any manner provided by law, and where his testimony rebuts the presumption raised by the State's evidence the judgment revoking his probation was not supported by any evidence, and must be reversed.

Where the law authorizes an ultimate fact to be presumed solely because an antecedent fact is proved, such presumption is rebuttable by the party against whom the presumption lies, and direct unimpeached and uncontradicted evidence which rebuts such presumption cannot be disregarded merely because the person testifying has an interest in the outcome of the case. In *Georgia R. & Bkg. Co. v. Wall*, 80 Ga. 202, 204 (7 SE 639), Chief Justice Bleckley, speaking for the Supreme Court in a case involving the presumption of negligence from running a railroad train said: "The law, by raising a presumption of negligence and requiring the company to rebut that presumption by showing that all ordinary and reasonable diligence was observed, means to accept such explanation as, according to the manner of conducting business, it is possible to make. It is generally out of the power of the company to show this diligence except by its employees. The law, therefore, certainly means to receive their evidence as the evidence of other witnesses is received, subject to be weighed, and if there be anything against it, discredited, but to be credited and respected if there be nothing against it. There is no other way to carry out the scheme of the law, which is, to require the railroad company to show the observance of all ordinary and reasonable diligence. To arbitrarily reject the explanation because it comes from employees is to cut off the company from defense altogether; it is to stand on the presumption and treat it as impossible to make defense. That is not the scheme of the law. In this case the defense was complete, and we think the jury found contrary to evidence and contrary to law. There is no law that entitles a jury not to recognize due proof when it is made."

Such cases are different from those exemplified by *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770 (119 SE2d 549),

where a jury is authorized from the facts proved, and on conflicting direct evidence, to decide whether the presumption is applicable.

Properly construed the evidence relied upon by the State, a rebuttable presumption, was rebutted by unimpeached and uncontradicted evidence and the trial court erred in revoking the defendant's probation, and to hold otherwise is to nullify the provisions of the 1962 acts, supra, which permit a defendant to be sworn, for under the majority opinion his sworn testimony is worth no more than an unsworn statement which may be given only such weight as a jury decides to give it.

I am authorized to say that Felton, C. J., and Carlisle, P. J., concur in this dissent.