YOUNG N. EDWARDS, guardian, plaintiff in error, *vs.* JAMES M. STINSON, defendant in error.

1. Where, upon the trial of a claim, it appeared that defendant in *fi. fa.* conveyed the land in dispute, and subsequently it was re-conveyed to his children, the evidence being conflicting as to whether, at the time of making the first conveyance, there was an understanding that defendant was to have a house on the place or not, there was no error in charging, "that if they believed that at the time of making the deed from Young N. Edwards, defendant in *fi. fa.*, to his four brothers, he did so in good faith, and that it was a *bona fide* trade in the discharge of his indebtedness to them, that then it was not subject to the *fi. fa.*; but if they believed that at the time there was a reservation for the benefit of the defendant in *fi. fa.*, or any other person for him, it would be subject."

2. If defendant in *fi. fa.* held as the tenant of the purchasers, to whom he conveyed, his possession was theirs; and if he so held for four years before the levy of the *fi. fa.*, the land was not subject, provided the sale by him was *bona fide*.

Claim. Levy and sale. Sales. Liens. Before Judge CRAWFORD. Talbot Superior Court. March Term, 1877.

Young N. Edwards, defendant in *fi. fa.*, was administrator of John Edward's estate; as such, he sold 500 acres of land, which was bid off by K. Couch, who sold to defendant and Gibson. Gibson sold to defendant, who used the shares in the estate of his four brothers to pay for the land; to raise

28

money to pay his brothers, he sold the land to Chapman, who failed to pay for it. Afterwards, in order to cancel his indebtedness to his said brothers, he induced them to take the land. Chapman, on the 13th of September, 1865, made a deed to defendant, and, on the same day, he made the four brothers a deed. Defendant went into possession as the tenant of his brothers soon afterwards. On the 22d of October, 1867, plaintiff in *fi. fa.* obtained his judgment. On the 24th of November, 1871, the four brothers made Jackson Mobley a deed; the only consideration was that Mobley should immediately convey to the children of defendant, which he did on the same day. On the 16th of May, 1873, the sheriff levied Stinson's *fi. fa.* on the land. Claim was interposed by claimant as guardian for the children.

On the trial, the evidence as to *bona fides* in the sale of the land was conflicting. Defendant swore that he made the deed to his brothers to pay the debt due by him to them; that he afterwards rented from them a portion of the land and paid for its use. It was admitted that he was living on the land at the date of the levy; that before he conveyed to his brothers, plaintiff had sued him; and that he was insolvent.

One of the four brothers swore that when defendant in *fi. fa.* conveyed the place to them, they promised him that he should have a home there; that the deed was made to Mobley without consideration, and at the instance of defendant in *fi. fa.*, it being understood that Mobley was to convey to the children. Witness expected to claim his rights as against creditors, but was willing to yield to his brother's family.

The jury found the land subject. Claimant excepted, and assigns the following as errors:

1. The verdict was contrary to law and evidence.

2. The court erred in charging, as follows: "If you believe that, at the time of making the deed from Young N. Edwards, defendant in *fi. fa.*, to his four brothers, he did so

in good faith, and that it was a *bona fide* trade in the discharge of his indebtedness to them, that then it was not subject to the *fi. fa.*; but if they believed that at the time there was a reservation for the benefit of the defendant in *fi. fa.*, or any person for him, it would be subject."

3. Because the court, after charging, at claimant's request, that " if defendant in *fi. fa.* was in possession as the tenant of his four brothers, his possession was their possession ; and if defendant in *fi. fa.* was in possession for four years, as the tenant of the four brothers, before the levy, then the *fi. fa.* could not legally be levied," added the following qualification : "provided that trade between defendant in *fi. fa.* and his four brothers was made in good faith, as before charged."

Marion Bethune, by M. H. Blandford, for plaintiff in error.

Willis & Willis, for defendant.

Warner, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the plaintiff's *fi. fa.* which had been levied thereon. One of the errors complained of is the following charge of the court, which was excepted to :

1. The court charged the jury, " that if they believed that, at the time of making the deed from Young N. Edwards, defendant in *fi. fa.*, to his four brothers, he did so in good faith, and that it was a *bona fide* trade in the discharge of his indebtedness to them, that then it was not subject to the *fi. fa.*; but if they believed that, at the time, there was a reservation for the benefit of the defendant in *fi. fa.*, or any other person for him, it would be subject."

2. The claimant also excepted to the qualification of his two requests to charge, which were given as requested, with

the following qualification: "provided that trade between defendant in *fi. fa.* and his four brothers was made in good faith, as before charged." In view of the evidence contained in the record, there was no error in the charge complained of, nor in charging the two requests of the claimant with the qualification thereto, as set forth in the bill of exceptions.

Let the judgment of the court below be affirmed.