### BLALOCK *r.* DENHAM.

1. The father, as the head of a family consisting of himself and a minor son, having, in May, 1876, claimed and secured the exemption of fifty acres of land under section 2040 of the code, the exemption expired when the son arrived at twenty-one years of age. And a subsequent conveyance of the land by the father to the son on a *bona fide* purchase for a valuable consideration and without notice by the son of an outstanding judgment against the father, followed by possession for four years in the son under his purchase, will discharge the land from the lien of such judgment.

2. There was evidence which would warrant the jury in finding that the son's purchase was *bona fide* and for value, and that, although his father resided on the premises with him, his possession was exclusive and endured for four years prior to the levy sought to be enforced.

3. The newly discovered evidence is cumulative in its nature, and were it not so, is of too slight importance to require or justify the grant of a new trial.

July 7, 1890.

Homestead. Judgments. Liens. Notice. *Bona fides.* Evidence. Before Judge HARRIS. Fayette superior court. September term, 1889.

Reported in the decision.

T. W. LATHAM, for plaintiff.

R. T. DORSEY, by HARRISON & PEEPLES, for defendant.

BLECKLEY, Chief Justice.

1. For debts created in 1861 and 1862, a judgment was rendered in 1873 in favor of Blalock, against Denham the father of the claimant. The execution issued upon this judgment was levied, in November, 1885, upon 50 acres of land as the property of Denham the father, and a claim was interposed by Denham the son. At the trial it appeared that this land, as part of a

larger tract, had been set apart to the father, in December, 1868, as a homestead under the constitution of that year and the statute passed in pursuance of the same. Of course, this homestead and the setting of it apart had no effect as against the plaintiff's judgment, inasmuch as the debts covered by that judgment were contracted prior to the adoption of the constitution, providing for a new and larger exemption than that allowed by law when the debts originated. We there-, fore lay this homestead out of the case. Afterwards, in May, 1876, the father, as the head of a family consisting of himself and the present claimant who was then a minor, claimed and secured the exemption of this 50 acres of land, under §2040 of the code. This exemption, unlike the homestead, was operative against the plaintiff's judgment, but it expired within the same year, the son having attained his majority before the year expired. In March, 1880, the father conveyed to the son, by deed purporting to be for and in consideration of $300.00 in hand paid, the whole of the 50 acres under a proper description of the same. Inasmuch as the father at that time held the land free from any restraint on alienation, relatively to this judgment, further than the lien of the judgment upon the land, to which lien it was subject no less after alienation than before, and would so continue for at least four years, he could divest himself of title and pass title to the son. If the son was a *bona fide* purchaser for value, actually paid without any notice of the plaintiff's judgment, and if he entered into possession under his purchase, and held it for four years before the levy was made which is now sought to be enforced, the lien of the judgment upon the property was thereby discharged. The case would fall within §3583 of the code. If, on the contrary, the son was not a *bona fide* purchaser for value, his purchase and possession would count for nothing against

the lien of the judgment. In reaching the conclusion that the setting apart of the property as exempt under §2040 of the code was no obstacle to a free and voluntary sale of the same after the minor son, for whose benefit the exemption was claimed, became of full age, we take notice of the fact that the proceeding to secure the exemption took place in May, 1876, whilst the act of February 26th of that year (Acts 1876, p. 48–50) was in force, that act declaring that its provisions as to the duration of exemptions shall apply to property set apart under and by virtue of laws in existence prior to the act of 1868. The provisions referred to are found in the sixth section of the act of 1876, and they limit exemption, as to duration, to the marriage or arrival at majority of minor children, when the property has been set apart for their benefit. See Code, §2024, and textnote between §§2046(a) and 2048(a). It may be that, without this legislation, the exemption would not continue operative for any longer time, but on that question we offer no opinion.

2. We have examined the evidence in the record, and it seems to us quite sufficient to warrant the jury in reaching the conclusion that the son's purchase was *bona fide* and for value, and that his possession was exclusive and endured for four years prior to the levy. That the father resided with him on the premises would not, of itself, hinder the son's possession from being exclusive. It was a question for the jury whether the possession was held jointly by both or severally by either, and if severally, which of the two had the possession and exercised acts of ownership over the property.

3. As to the newly discovered evidence, it seems to be subject to the infirmity of being cumulative, a malady with which most newly discovered evidence is afflicted. But were it sound and healthy, it is too weak of constitution to be cause for granting a new trial.

Its importance is so slight that it could not and ought not to produce a different verdict, were a new trial granted. Indeed, we see not how the new evidence can be treated as having any importance at all; for it goes only to the question whether the plaintiff is chargeable with actual notice, independently of the possession itself, of the claimant's purchase of the property and his claim and possession resulting therefrom. If the possession actually existed and was exclusive, as the jury have found, his failure to take notice of it would be his own misfortune. Whether informed of it or not, the lien of his judgment would be affected by it all the same.

The court committed no error in overruling the motion for a new trial.        *Judgment affirmed.*