## Johnson *v.* Oliver.

Lumpkin, J.　1. Where a man who owned a two-fifths undivided interest in a tract of land, his children owning the other three-fifths undivided interest, sold and conveyed his interest, and thereupon became the tenant of the purchaser, giving rent notes and paying rent, and the purchaser, through his tenant, remained in possession for four years, the interest

so conveyed was discharged from the lien of a judgment against the maker of the deed, if the purchase was bona fide and for a valuable consideration. Civil Code, § 5950; *Edwards* v. *Stinson,* 59 *Ga.* 443; *Blalock* v. *Denham,* 85 *Ga.* 646 (11 S. E. 1038).

(*a*) That the grantor remained in possession as tenant of the grantee as to the interest conveyed is a circumstance for the consideration of the jury in determining the bona fides of the transaction, but will not per se prevent it from falling within the rule above stated.

(*b*) The request that the decision in *Edwards* v. *Stinson,* 59 *Ga.* 443, be reviewed and overruled, is denied.

2. If a debtor bona fide conveys land to his creditor in payment and discharge of an existing debt, this constitutes such a valuable consideration as falls within the provision of Civil Code, § 5950.

3. In a claim case, where neither the pleading nor the evidence put in issue the adequacy or inadequacy of the consideration paid to the defendant in fi. fa. by a purchaser from him for a valuable consideration, there was no error in charging the jury in effect that no such issue was before them.

(*a*) Such a charge furnishes no ground for reversal, whether or not it was accurate to state that upon proof of a valuable consideration it would be presumed to be sufficient.

4. There was no error in overruling the ground of the motion for a new trial based upon newly discovered evidence, which consisted merely of a letter written to the attorney of the movant after the trial, by a person who must have been known before the trial to have been connected with the transaction, and who resided only a few miles distant from the place of the hearing.     *Judgment affirmed. All the Justices concur.*
                    JULY 9, 1912.

Claim. Before Judge Littlejohn. Sumter superior court. August 21, 1911.

*R. L. Maynard,* for plaintiff.
*Ellis, Webb & Ellis,* contra.