## 6530.  STRICKLAND v. SMITH.

BROYLES, J.  1.  Where, upon the trial of a claim case, the claimant admits a prima facie case in the plaintiff, and assumes the burden of proof, it is not incumbent upon the plaintiff to introduce the judgment, the fi. fa., or the levy, or to put in any evidence whatever, until the prima facie case admitted is overcome by the claimant's evidence. Mapley v. McKenzie, 128 Ga. 347 (2), 350, 351 (57 S. E. 705).  In this case the prima facie case admitted in the plaintiff was not rebutted by the claimant's evidence.

2. The owner of a stallion or jack does not obtain title to the get thereof, for the service of the animal, but has merely a lien thereon, and such lien does not become operative unless the provisions of section 3361 of the Civil Code are complied with.  In this case the claimant, who bought the property in question—a mule colt—from the owner of the jack (the colt never having been in the possession of the said owner), did not affirmatively show that the latter ever had a valid title to the colt.

3. Where a claimant admits a prima facie case in the plaintiff, he assumes the burden of proof and must adduce evidence which so clearly overcomes the prima facie case as to require the court to set aside a verdict

finding in favor of the plaintiff. *Harvey* v. *Jewell*, 84 *Ga.* 234, 235 (10 S. E. 631). In such a case the burden is upon the claimant to show that the title to the property was in him before the judgment against the defendant was rendered, and was still in him when the levy was made, and that it was not in the defendant at any time from the date of the judgment to the date of the levy. *Douglas* v. *Moore*, 12 *Ga. App.* 755 (78 S. E. 429); *Melton* v. *Albany Fertilizer Co.*, 113 *Ga.* 603 (38 S. E. 958). In the instant case this burden was not successfully carried, the claimant's petition for certiorari not showing when the judgment against the defendant was obtained, whether before or after the claimant bought the property.

4. The judge of the superior court did not err in refusing to sanction the certiorari.        *Judgment affirmed.*

DECIDED JANUARY 20, 1916.

Certiorari; from Wayne superior court—Judge Highsmith. March 27, 1915.

*J. R. Thomas*, for plaintiff in error.