16470. SINGER SEWING MACHINE COMPANY *v.* CRAWFORD.

JENKINS, P. J. 1. The effect of the amendment to the magistrate's answer to the petition for certiorari was to set forth that the magistrate who tried the case held that the burden of proof was upon the claimant. The superior court, in overruling the second exception taken to the magistrate's answer, in effect held such to be the case.

2. In the trial of a claim case, where it was in no wise made to appear in whose possession the property levied upon was found, the burden of proof was upon the plaintiff in fi. fa. Civil Code (1910), § 5170; *Knowles* v. *Jourdan,* 66 *Ga.* 300 (1); *Thompson* v. *American &c. Co.,* 107 *Ga.* 832 (1) (33 S. E. 689); *Howell* v. *Simpson Grocery Co.,* 121 *Ga.* 461 (3) (49 S. E. 299); *Green* v. *Wade-Chambers Gro. Co.,* 19 *Ga. App.* 454, 455 (2) (91 S. E. 789).

3. In a case where the entry of levy did not disclose in whose possession the property was found at the time of the levy, and no admission or other proof was made with reference to this question, and both the plaintiff in fi. fa. and the claimant contended that the burden was upon the opposite party, an adjudication by the court that the burden was upon the claimant was erroneous.

4. The fact that after such an adjudication counsel for the claimant said, "All right, we will go ahead," did not amount to an assumption, by agreement, of the burden of proof, or an acquiescence in such previous adverse and erroneous judgment, since the question had already been determined by an adverse adjudication of the court, and there was nothing left for the claimant to do except to go ahead.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 21, 1925.

Certiorari; from Bartow superior court—Judge Tarver.    March 23, 1925.

STATEMENT OF FACTS BY JENKINS, P. J.

The Singer Sewing Machine Company filed in a justice's court a claim to a sewing machine levied upon under a distress warrant prosecuted by J. B. Crawford. On the trial of the claim the jury found the property subject to the distress warrant. The claimant took the case to the superior court by certiorari, alleging the verdict was contrary to law and evidence, etc. A certain paragraph of the petition for certiorari was answered by the magistrate as follows: "The plaintiff's attorney asked the question as to who would take the burden of proof; the court replying that he thought the burden was on plaintiff. The claimant plaintiff then said 'All right, we will go ahead without any discussion.'" To this part of the answer the claimant filed exceptions, which were sustained, and the magistrate was required to file another answer, which was done in the following language: "Comes now W. C. Mathews, justice of the peace, in answer to the exceptions to paragraph 7 of the original answer made in the above-stated case to writ of certiorari in original petition is not true in particular. The plaintiff attorney for claimant asked the question, saying 'Who will take the burden of proof? We are insisting here that the burden is on the plaintiff in fi. fa. There is no evidence to show in whose possession the property was in when it was levied on.' J. B. Crawford, plaintiff in fi. fa., remarked, 'The burden is on them,' the court answering, 'I think the burden is on the claimant.' The attorney for claimant answering saying, 'All right, we will go ahead.' The entry of the levy did not show in whose possession the property was found at the time of the levy. There was no evidence offered preliminary as to whose possession the property was found at the time it was levied on as a ground for the court's ruling." The plaintiff in certiorari excepted to this portion of the renewed answer, and the

exception was overruled. The certiorari was overruled and the claimant excepted.

*William T. Townsend,* for plaintiff in error.

*Finley & Henson,* contra.