## CALHOUN v. WILLIAMSON.

No. 12917. OCTOBER 10, 1939.

*Felix C. Williams* and *A. S. Bradley,* for plaintiff.
*I. W. Rountree,* for defendant.

ATKINSON, Presiding Justice. A statutory claim affidavit, interposed by Maggie Williamson upon levy of a fi. fa. on land, stated that the land "levied on . . under and by virtue of a fi. fa. in favor of B. S. Calhoun, transferee, against Clara Williamson et al., issued from the city court of Swainsboro of the County of Emanuel, as the property of said defendant, J. A. Ogburn as sole heir of Clara Williamson, is not the property of said J. A. Ogburn as sole heir of Clara Williamson, but is the property of . . Maggie

Williamson." At the trial the claimant first introduced evidence, and closed her case. The evidence so introduced was her individual testimony to the effect that she owned the property in virtue of a deed prepared by her uncle, the holder of the fi. fa., and that the deed, dated May 1, 1923, was executed by her sister Clara. Also, that she, within the knowledge of the holder, had been in possession of the land under the deed ever since the date of its execution. The further evidence so introduced by claimant included the deed mentioned in her testimony. After introduction of such evidence, Calhoun (uncle of claimant), as transferee of the fi. fa., introduced evidence consisting of his individual testimony and certain documentary evidence. After close of his testimony the claimant was recalled and gave rebuttal testimony as to consideration of the deed. At the conclusion of the evidence the judge directed a verdict for the claimant. Calhoun's motion for a new trial was overruled, and he excepted.

1. The approved brief of evidence does not contain literally or in substance the execution or any of the entries thereon, and consequently it will be inferred that they were not introduced in evidence.

2. In view of the order of introduction of evidence, first by the claimant, it is inferred that the claimant assumed the burden of proof.

3. "A claimant has the right to show that the execution which is levied on the property claimed by him is void or inoperative as a valid process." *Smith* v. *Lockett,* 73 *Ga.* 104 (2 *a*). See *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951).

4. The filing of the claim admits entry of levy on the land claimed, but not legality of the execution under which the levy is made. *Pearce* v. *Renfroe,* 68 *Ga.* 194 (5 *a*) ; *Osborne* v. *Rice,* 107 *Ga.* 281, 283 (33 S. E. 54). But the act of filing the claim will estop the claimant from denying sufficiency of entry of levy. *Stinson* v. *Hirsch,* 125 *Ga.* 149 (53 S. E. 1011).

5. The motion for a new trial complains of refusal to admit in evidence a written application of claimant to a loan company for a loan of $3000 on land not here involved. The application contained questions and answers: "Q. Are there any outstanding judgments against you? A. Yes. Q. If so, what, how many and to what amount? A. Two, as surety $2887 to be paid at once by the

principal." The application was dated May 15, 1923, next ensuing after the date of a deed executed May 1, 1923, by a sister of the claimant, in virtue of which the claimant asserted title and possession. The deed stated a consideration of $2000. By its terms it purported to convey "all of my two-fifth undivided interest in the home place," without further describing the character of her interest. Other evidence shows that it was a vested-remainder interest to be enjoyed after the death of the mother of the parties to the deed, who was shown to be yet in life at the time of the trial, holding a life-estate interest in the property as a whole, and living on the home place with her daughter, the claimant. One contention of the claimant was that the execution under which the levy was made had lost its lien on the land, in virtue of the Code, § 110-511, providing for discharge of real property from the lien of any judgment against the seller thereof where the purchaser had been bona fide and for a valuable consideration in possession of such property for four years. This contention was controverted by the holder of the execution. One of his contentions was that the claimant was not a bona fide purchaser for value, because, in pursuance of a family conference in which both of the sisters participated, the sole purpose of the deed was to boost the financial standing of the claimant to enable her to borrow money from a loan company to pay off the execution in which the sister of claimant and their mother were defendants. It thus appears that the deed under which the claimant claims represented a transaction between near relatives, and that it was being set up against the holder of the senior execution who occupied the position of a creditor of the grantor in the deed. Under the holder's theory as to the sole purpose of the deed, the fact that shortly after its execution the claimant made application for the loan and admitted therein that there were two judgments against her "as surety" for another, "to be paid at once," would be a circumstance tending to show that the holder's judgment was one of the judgments to which the applicant referred. And the fact that she was applying for the loan at that particular time would tend to support the theory of the holder that the real consideration and purpose of the deed was to boost the financial standing of the claimant in order to obtain the loan. These would be matters, in virtue of the relations and circumstances of the parties, for consideration of the jury in passing on

the bona fides of the claimant in relation to the property and her claim of possession under the deed. They would vitally affect her claim of discharge of the property from the lien of the judgment by four years possession in virtue of the Code, § 110-511. The application for a loan was material and relevant, and the judge erred in excluding it from evidence.

6. The error in excluding from evidence the paper referred to in the preceding division related to the question, as made in fifth ground of the motion for a new trial, of discharge of the judgment as against the claimant on the basis of four years bona fide possession by her as purchaser under the deed from her grantor, one of the defendants in execution, and was cause for setting aside the verdict on that ground.

7. Another contention of the claimant was that the execution had become dormant, under the Code, § 110-1001, by lapse of time, in that more than seven years expired between entries on the execution and their record on the execution docket, and between the dates of any bona fide public effort to enforce the execution. The claimant had assumed the burden of proof, and it was incumbent on her to support the above contention by proof. Neither the execution nor the entries thereon were introduced in evidence, and consequently it does not affirmatively appear that there were no entries on the execution that would prevent dormancy. Neither was there evidence to show that there had been no bona fide public effort to enforce the execution for more than seven years between dates of entry on the execution. On the contrary parol evidence was admitted, without objection, tending to show bona fide public effort to enforce the execution during any possible seven-year period between dates of entry. It could not be held that on this theory of the case the verdict for the claimant was demanded.

8. Under application of the foregoing rulings, the judge erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. All the Justices concur.*