## CALHOUN *v.* WILLIAMSON.

No. 13978.   JANUARY 14, 1942.

*Williams & Smith, A. S. Bradley,* and *J. R. Powell Jr.,* for plaintiff.

*I. W. Rountree,* for defendant.

DUCKWORTH, Justice.   Miss Maggie Williamson filed a claim to certain land levied on under an execution against her sister, Clara Williamson.   The execution was outstanding, and was a lien against the property at the time the claimant obtained a warranty deed thereto from her sister.   The claimant contended that the lien of the judgment had been discharged, as provided in the Code, § 110-511, because her purchase had been bona fide and for a valuable consideration, and she had been in possession for more than four years.   On the trial, during which the parties introduced evidence tending to prove and disprove this contention, the jury returned a verdict for the claimant.   The judge overruled the losing party's motion for a new trial, and he excepted.

A portion of the court's charge was as follows:   "Now, Mrs. Clara Williamson made a deed to this property, and if she made it

in the utmost good faith and for a valuable consideration, and Miss Maggie Williamson remained in possession of the property in good faith, for four years, if that be the truth of it, then this property is not subject." The court further charged as follows: "So there we come down to this one question: in this case, if you should find that this deed was made by Mrs. Clara Williamson to Miss Maggie Williamson, and made it in good faith, and it was made for a valuable consideration, then I charge you that the lien of that fi. fa. has been divested, and your verdict should be, We, the jury, find the property levied on not subject." These excerpts from the charge were assigned as error in the motion for new trial, as failing to state correctly the rule of law in the Code, § 110-511, and as confusing and misleading to the jury. The Code section referred to is as follows: "When any person has bona fide, and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased." This section is for the benefit of the purchaser, and not the vendor, and the bona fides of the latter is not involved. Yet the portions of the charge excepted to were such as to lead the jury to believe that the judgment lien had been divested if the vendor acted bona fide and for a valuable consideration, regardless of whether the purchaser acted bona fide or not. The charge was erroneous and tended to mislead and confuse the jury; and for this reason it was error to overrule the motion for a new trial.

■ While the judgment must be reversed on the special grounds referred to above, and ordinarily this court would not pass upon any question raised by the general grounds on such a reversal, there is one question presented by the general grounds which under the circumstances we think should be answered. This case has been before this court on one occasion, when the judgment was reversed on special grounds of the motion for a new trial. *Calhoun* v. *Williamson*, 189 *Ga.* 65 (5 S. E. 2d, 41). The plaintiff in error has strongly urged that the evidence shows that the claimant did not purchase the property "for a valuable consideration," as required by the Code, § 110-511. Doubtless this same question will arise on another trial, and, in case of a verdict for the claimant, will again be made the basis of a motion for a new trial, unless it is

here ruled on. It is hoped that by making a decision on this question we may assist in bringing the litigation to an earlier conclusion.

While the deed from Clara Williamson to the claimant recited a consideration of $2000, the claimant admitted that she did not make a cash payment of this amount for the land. She introduced testimony that the consideration for the deed was a claim which she had against her sister, the vendor, for various expenditures which she had made in her sister's behalf, aggregating the amount stated in the deed. The decision in *Johnson* v. *Oliver,* 138 *Ga.* 347 (75 S. E. 245), is controlling on the question presented. There it was held that "If a debtor bona fide conveys land to his creditor in payment and discharge of an existing debt, this constitutes such a valuable consideration as falls within" the Code, § 110-511. This decision, cited with approval in *Reynolds* v. *Hardin,* 187 *Ga.* 40 (200 S. E. 119), is authority for the proposition that the jury was authorized to find that the deed was made to the claimant for a valuable consideration, as required by § 110-511.

*Judgment reversed. All the Justices concur.*