31841. KRASNER *v.* CROSWELL *et al*

DECIDED JANUARY 28, 1948.

*D. W. Krasner,* for plaintiff in error.

*Paul H. Anderson, Robert P. McLarty,* contra.

FELTON, J. The levy, which appears in the brief of evidence, was so inaccurate as to fail completely to show that the defendant

in fi. fa. was in possession of the property at the time of the levy, or, in fact, upon whose property the levy was made. Under such circumstances the burden of proof would ordinarily have been upon the plaintiff in fi. fa. to establish ownership of the property in the defendant in fi. fa. (*Singer Sewing Machine Co. v. Crawford,* 34 *Ga. App.* 719, 131 S. E. 103), unless the claimant admitted a prima facie case in behalf of the plaintiff in fi. fa. (*Jarrard v. Mobley,* 170 *Ga.* 847, 154 S. E. 251; Code, § 39-904); however, in view of the order of the introduction of evidence, first by the claimant, it is inferred that the claimant assumed the burden of proof (*Calhoun v. Williamson,* 189 *Ga.* 65, 5 S. E. 2d, 41), and the claimant, having assumed the burden of proof, admitted a prima facie case for the plaintiff in fi. fa. *Strickland v. Smith,* 17 *Ga. App.* 505 (87 S. E. 718); *Sexton v. Burruss,* 144 *Ga.* 192 (86 S. E. 537). Under such circumstances, it was incumbent upon the claimant to prove her title to the property by evidence sufficient to overcome the prima facie case of the plaintiff in fi. fa. The claimant introduced to support her claim of title the testimony of her husband, Norman Krasner, of her brother-in-law, David W. Krasner, who had acted as her agent and attorney in purchasing the property involved, and the testimony of R. L. Henry Sr., one of her grantors. She also testified in her own behalf and introduced in evidence bills of sale and two checks which were used in purchasing the property. This testimony was uncontradicted, and unless there were circumstances in the case inconsistent with the truth of the evidence, by reason of which the jury might legitimately question the credibility of Norman and David Krasner, relatives of the claimant, because of their interest in the result of the suit, the jury could not disregard this evidence and find in favor of the plaintiff in fi. fa. "The testimony of witnesses who swear positively, and are not otherwise impeached or discredited, should not be discarded merely because they are related to the party in whose behalf they testify, although it is proper for the jury to consider such relationship *when there is other matter by reason of which they may legitimately question the credibility of the testimony.*" *Neill v. Hill,* 32 *Ga. App.* 381 (123 S. E. 30), and cit.; *Detwiler v. Cox,* 120 *Ga.* 638 (48 S. E. 142). It is "taken for granted that a jury cannot discredit the testimony of [even] a party at interest

in a case, when there are no facts or circumstances before them which conflict with it." *Armstrong* v. *Ballew*, 118 *Ga.* 168 (44 S. E. 996). The question in the instant case, therefore, resolves into whether or not there were any facts or circumstances which were in conflict with or contradictory to the claimant's title to the property, such as would warrant the jury's disregard of the positive evidence as to title in the claimant. It appears from the claimant's evidence that she, being in business in Alabama, desired to engage in the manufacture of concrete blocks; and, acting through her agents, Norman Krasner, her husband, and David W. Krasner, her brother-in-law, purchased from R. L. Henry Sr. certain equipment and his interest in the lease of a certain building in the City of Atlanta. She purchased certain other equipment from C. C. Henderson. These purchases were paid for by two checks drawn on the account of the Blue Star Food Store, owned by David W. Krasner. One of the checks was signed by D. W. Krasner; the other by S. Krasner, father of David W. Krasner, who was employed in the Blue Star Food Store and authorized to draw checks against its bank account. On the back of the check issued to R. L. Henry Sr. was an itemized list of the property together with an assignment of the interest in the lease to the building to "D. Krasner." R. L. Henry testified that he dealt with David W. Krasner and Norman Krasner, agents of "D. Krasner," though he did not know at the time who "D. Krasner" was, but that a truck was sold by him as one of the items involved, and that he had signed the truck registration certificate over to D. B. Krasner, and his lease was also assigned to D. B. Krasner. David W. Krasner denied any ownership of the property, and testified that he had allowed the use of the funds of the Blue Star Food Store in order to expedite the transaction, as C. C. Henderson insisted upon immediate payment and drawing on Mrs. D. B. Krasner's bank account in Birmingham, Alabama, would have occasioned several days of delay. He testified further that he had been repaid in cash by Mrs. Krasner. Mrs. Krasner testified that the property which had been levied upon was hers; that she had purchased it through her agents, Norman and David W. Krasner, and that some six months after the purchase she had cashed certain bonds and repaid David W. Krasner the money which he had advanced by

paying David W. Krasner $250 and S. Krasner $600. These sums were identical with the amounts of the two checks David W. Krasner and S. Krasner respectively had signed. It appeared further that in making these purchases it had been Mrs. Krasner's purpose to employ her brother-in-law, Nat Krasner, who had just returned from the armed services, to manage the business of manufacturing concrete blocks. Though Mrs. Krasner was unable to give the address of the plant, she knew generally its location and had driven by in an automobile on at least one occasion. The checks and bills of sale were introduced in evidence and made a part of the brief of evidence.

We are unable to perceive anything suspicious in the manner in which the purchases were made. The claimant had every right to engage agents, borrow the money from one of the agents, repay him in cash, and at whatever time was agreeable between them, as she did. Counsel for the plaintiff in fi. fa. contends, however, that the indorsement on the check given to R. L. Henry Sr. stated that it was given in payment of the listed articles purchased by "D. Krasner," and that "D. Krasner" could be any one of innumerable Krasners. This circumstance does not, we think, becloud or disprove Mrs. Krasner's title. Mr. Henry testified that he knew that David and Norman Krasner were acting as agents for someone else whose name was "D. Krasner," and that, in signing the truck registration certificate transferring the ownership of the Ford truck, he assigned it to D. B. Krasner. This testimony, as well as David W. Krasner's denial of ownership, would seem to dispose of the possibility that "D. Krasner" was David W. Krasner, which, so far as we know, leaves, from among the "innumerable Krasners," only the claimant D. B. Krasner as "D. Krasner." Whether or not the typewriter used in writing the body of the bill of sale from C. C. Henderson to D. B. Krasner was one different from the one used in filling in the purchaser's name, D. B. Krasner, is of no consequence. It does not appear from the evidence when the name was typed into the bill of sale, and it would therefore be presumed that it was typed in prior to the execution; moreover, we are unable to determine from an examination of a photostatic copy of the bill of sale that there was any name expunged and the name D. B. Krasner inserted in its stead. We conclude, therefore,

that there were no circumstances in this case which would have justified the jury's disregard of the claimant's positive and uncontradicted evidence of her title. This evidence destroyed the prima facie case of the plaintiff in fi. fa., and consequently there was no evidence sufficient to authorize a verdict in favor of the plaintiff in fi. fa. and against the claimant. It follows that the court erred in denying the claimant's motion for a new trial.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*