### 34982. CURRY *v.* DOWD.

CARLISLE, J. Joshua Dowd, trading as Dowd's Service Station, obtained a judgment against Clyde E. Green in the City Court of Swainsboro on September 15, 1951, upon which an execution was issued on September 18, 1951, and duly and legally recorded. On August 14, 1953, the sheriff levied upon two described trucks as the property of Green and in Green's possession. On the same day, C. E. Curry interposed his claim to the vehicles and gave bond. Upon the trial of the claim case, the claimant admitted a prima facie case and assumed the burden of proof. At the close of the claimant's evidence, the trial court, on motion of counsel for the plaintiff in fi. fa., directed a verdict finding the property subject to the levy. In his motion for a new trial the claimant assigned error on the general grounds and on the direction of the verdict.

1. "Where a claimant admits a prima facie case in the plaintiff, he assumes the burden of proof and must adduce evidence which so clearly overcomes the prima facie case as to require the court to set aside a verdict finding in favor of the plaintiff. *Harvey* v. *Jewell,* 84 *Ga.* 234, 235 (10 S. E. 631). In such a case the burden is upon the claimant to show that the title to the property was in him . . . when the levy was made." *Strickland* v. *Smith,* 17 *Ga. App.* 505 (3) (87 S. E. 718).

2. "Whenever personal property shall be sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties shall be evidenced in writing, and not otherwise." Code § 67-1401.

3. Under an application of the foregoing principles of law to the claimant's evidence, the trial court did not err in directing a verdict in favor of the plantiff in fi. fa. The claimant's evidence is to the following effect: The claimant purchased the two trucks from Union Bag & Paper Corporation on November 10, 1952, under retention-of-title contracts which were duly recorded, and delivered the trucks to Green under a *verbal* contract exactly like the claimant's written contract with Union Bag & Paper Corporation, which provided for specified weekly payments. The claimant had the retention-of-title contracts canceled and obtained complete title to the trucks on August 12, 1953. At the time of the levy on August 14, 1953, Green had not completed his payments on the trucks to the claimant under their verbal agreement, but since the trucks were levied on in the possession of Green and the claimant admitted, in addition, a prima facie case, title is presumed to go with possession, and to be in Green until rebutted by the claimant. The claimant's evidence

was totally ineffectual for that purpose, as his retention-of-title agreement with Green was not in writing. Consequently, the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 12, 1954—REHEARING DENIED FEBRUARY 6, 1954.

*Grayson C. Powell, Al Hatcher,* for plaintiff in error.

*Rountree & Rountree, H. R. Thompson, Homer S. Durden, Jr.,* contra.