## 35453. HOME FINANCE COMPANY *v.* UNITED MOTOR SALES.

DECIDED FEBRUARY 23, 1955—REHEARING DENIED MARCH 18, 1955.

*Hugh G. Head, Jr., Claud R. Caldwell,* for plaintiff in error.
*Max Rubenstein, Henry J. Heffernan,* contra.

NICHOLS, J. ■ On the trial of the case, the first evidence introduced was by the claimant. In view of this order of introducing evidence, it must be treated as if the claimant assumed the burden of proof. *Calhoun* v. *Williamson,* 189 *Ga.* 65, 66 (5 S. E. 2d 41). Therefore, the claimant having assumed the burden of proof, admitted a prima facia case for the plaintiff in fi. fa. *Krasner* v. *Croswell,* 76 *Ga. App.* 421, 422 (46 S. E. 2d 207). Since the plaintiff alleged that Cooper was indebted to it on the conditional-sale contract, which was transferred to it by Walker Buick Company, this admission of a prima facia case necessarily meant that the claimant conceded that the plaintiff had a valid transfer of the conditional-sale contract under which the indebtedness was claimed. See *Criswell Baking Co.* v. *Milligan,* 77 *Ga. App.* 861, 870 (50 S. E. 2d 136). It then devolved upon the claimant to show that he held a better title to the automobile than the plaintiff. The evidence shows a recordation of the conditional-sale contract within the time provided by law, and consequently constituted notice of the title claimed by the plaintiff from the date of the contract. Code § 67-108. Thereafter, any purchaser of the automobile bought at his peril. The evidence conclusively shows that the claimant purchased the automobile subsequently to the acquisition of title by the plaintiff; and in view of the timely recordation of the conditional-sale contract by the plaintiff, the claimant failed to overcome the prima facia case admitted by it. It follows that the court erred in rendering a judgment for the claimant, and in thereafter denying the plaintiff's motion for new trial.

■ There is another reason why the court erred in denying the motion for new trial. The instrument was transferred by the signing of a corporation's name, without the signature of an officer and without a seal. This indorsement was not denied on

oath by the claimant and was presumptively sufficient. The proceeding was based on the transferred instrument. Code § 20-805. We see no reason why the rule applying to a defendant in such a case should not apply to a claimant. Such an indorsement as we have in this case is sufficient proof of the transfer unless the indorsement is specifically denied on oath. *Sheffield* v. *Johnson County Savings Bank*, 2 *Ga. App.* 221 (2) (58 S. E. 386); *Kirby* v. *Johnson County Savings Bank*, 12 *Ga. App.* 157 (76 S. E. 996).

Counsel for the defendant in error requested that this court order to be sent up the following: 1. The conditional-sale contract attached to the original affidavit of the plaintiff in error. 2. The car invoice from Walker Buick Company to Eddie Cooper, dated May 7, 1954. 3. The canceled check of United Motor Sales, No. 292, for $400, payable to and endorsed by Charles E. Cooper. 4. The bill of sale dated May 21, 1954, from United Motor Sales to Charles E. Cooper, covering a 1953 Oldsmobile Holiday automobile. But, since a reversal of the judgment is required independently of such documents, it is unnecessary to order them sent up.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*