35996. YANCEY BROTHERS CO. *v.* CALDWELL.

DECIDED JANUARY 24, 1956—REHEARING DENIED FEBRUARY 17, 1956.

*Harris, Chance & McCracken, Otis W. Harrison,* for plaintiff in error.

*Claud R. Caldwell,* contra.

NICHOLS, J. 1. The levy of the sheriff did not show that the Caterpillar D-7 tractor was in the possession of the defendant in fi. fa. at the time of the levy; therefore ordinarily the burden of proof would have been on the plaintiff in fi. fa. Code § 39-904. In the present case the *claimant assumed the burden of proof by first introducing evidence.* See in this connection, *Home Finance Co.* v. *United Motor Sales,* 91 *Ga. App.* 679 (86 S. E. 2d 659); and cases cited.

2. The contention of the claimant is that the conditional-sale contract dated June 21, 1954, and recorded on November 26, 1954, in the office of the Clerk of the Superior Court of Richmond County, Georgia, rebutted the prima facie case by showing that the conditional-sale contract was recorded within six months after the personalty was brought into the State of Georgia. Code § 67-108. The contention of the plaintiff in fi. fa. is that the claimant did not carry his burden of proof.

As shown in the foregoing statement of facts the conditional-sale contract dated June 21, 1954, and relied on by the claimant, was captioned, "Aiken, 6-21-54, Aiken County, South Carolina." This contract was between the claimant and the Aiken Paving Company and was signed for the purchaser by W. M. Dabney. It was witnessed by two witnesses, each of whom had the following inscription following his name. "Notary Public Richmond County, Georgia. My commission expires May 24, 1958." On the reverse side of this contract was an affirmation by one of the witnesses that he had seen W. M. Dabney sign the contract and that the other witness and himself had witnessed the execution of the contract. This affirmation was captioned, "State of Georgia, County of Richmond." The notary public's signature was followed by the inscription, "Notary Public, Richmond County, Ga. My commission expires 6-8-58." No other information was shown on the conditional-sale contract as to the place where the contract was executed, nor was any evidence adduced on the trial of the case to show where the contract was executed. Therefore, it must be presumed that the contract was executed in Richmond County, Georgia, rather than in Aiken County, South Carolina. Code

§ 29-407 as amended by the Act of 1951 (Ga. L. 1951, pp. 29, 30) (Code, Ann., § 29-407). See also *Smith* v. *Simmons*, 35 *Ga. App.* 427 (133 S. E. 312).

Code § 67-108, supra, relied on by the claimant provides in part that mortgages on personalty shall be recorded "in the county where the mortgagor resided at the time of its execution, if a resident of this State, and if a nonresident, in the county where the mortgaged property is. If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in."

The mere fact that the purchaser *may* have resided in South Carolina does not give rise to a presumption that the property covered by the conditional-sale contract (presumed by law to have been executed in Georgia) was not within the State of Georgia at the time that the contract was executed and at all times since the contract was executed.

From what has been said above it necessarily follows that the evidence presented by the *claimant did not rebut the prima facie case admitted by it.* Therefore the trial judge, hearing the case without the intervention of a jury, did not err in rendering judgment for the plaintiff in fi. fa. and against the claimant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*