### 38358.   PEFINIS v. GELLER *et al.*

CARLISLE, Judge.   1.   "When in the trial of a claim case the claimant admits the possession of the property by the defendant in fi. fa. at the time of the levy, he assumes the burden of showing that the title is in him and that it was not in the defendant at any time from the date of the judgment to the date of the levy." *Melton v. Albany Fertilizer Co.,* 113 Ga. 603 (38 S. E. 958).

2. In such a case the evidence must clearly overcome the prima facie case admitted and must show not only that title to the property claimed was in the claimant or one under whom he holds prior to the date of the judgment upon which the execution issued, but that it was in the claimant when the execution was levied, and that it was not in the defendant in fi. fa. at any time from the date of the judgment to the date of the levy. *Douglas v. Moore,* 12 Ga. App. 755 (78 S. E. 429); *Strickland v. Smith,* 17 Ga. App. 505 (3) (87 S. E. 718). The claimant must defeat the levy on the strength of her title and not merely upon the weakness or absence of title in the defendant in fi. fa.

3. Accordingly, where the evidence adduced upon the trial of the case showed that the legal title to the property levied upon was, at the time the judgment was rendered, in a third party by virtue of a bill of sale to secure debt executed by the defendant in fi. fa. prior to the judgment; that after the rendition of the judgment and after the execution had been issued and recorded, the defendant in fi. fa. attempted to transfer

308

title to the claimed property to the claimant while retaining possession thereof; and that the claimant thereafter procured the discharge of the bill of sale to secure debt by paying the amount due thereon; and that thereafter the execution was levied upon the property in the possession of the defendant in fi. fa., such evidence showed that whatever title to said property was acquired by the claimant was derived from the interest of the defendant in fi. fa., and was subject to the lien of the judgment against him. The evidence did not show that the claimant took an assignment of the bill of sale to secure debt from the holder thereof, or that she claims any title to the property or interest therein by virtue of such bill of sale to secure debt. Such facts bring this case directly within the rule enunciated in *MacIntyre & Co. v. Ferst's Sons & Co.*, 101 Ga. 682 (28 S. E. 989). Under the ruling in that case the evidence demanded the finding of the trial judge, sitting as the trior of the law and facts, that the property was subject to the levy, and accordingly, he did not err in thereafter overruling the motion for a new trial on the general grounds. See *Deariso & Co. v. Lawrence*, 3 Ga. App. 580 (60 S. E. 330). The cases of *Hartsfield Loan &c. Co. v. Garner*, 184 Ga. 283 (191 S. E. 119); *Solomon v. Bateman-Freeman Co.*, 171 Ga. 266 (155 S. E. 6); and *Solomon v. Dunlap-Huckabee Auto Co.*, 174 Ga. 782 (164 S. E. 185), cited and relied upon by the plaintiff in error, are not in point and do not require a ruling contrary to that now made.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JULY 7, 1960—REHEARING DENIED JULY 26 AND JULY 29, 1960.

*Harold Karp, A. Tate Conyers*, for plaintiff in error.
*Marvin P. Nodvin, Harry L. Cashin, Jr.*, contra.