## 40482.   BOLTON v. CREETY.

PANNELL, Judge.   1. Where the evidence adduced upon the trial of a claim case shows that the legal title to the property levied upon was in the defendant at the time the judgment was rendered, and before execution was issued and recorded, title

was conveyed to a third party by a bill of sale to secure debt, and after the rendition of the judgment and the recording of the execution the third party foreclosed its bill of sale to secure debt and levied upon the property, and defendant in fi. fa. then conveyed the property to claimant who paid off the claim of the third party by paying the levying officer the amount of the foreclosure and cost, and thereafter the execution to which the claim was filed was levied upon the property in possession of the defendant in execution, the property was subject thereto. Any title the claimant might have acquired (it not appearing she had the bill of sale to secure debt transferred to her) was derived through the defendant in execution and was subject to the lien of the judgment against him. *Pefinis v. Geller,* 102 Ga. App. 307 (2) (116 SE2d 4). The trial judge, sitting without a jury, properly found that the property was subject thereto.

2. The original execution, identified as such, was properly admitted in evidence over the objection of claimant. *Thomas & Co. v. Parker,* 69 Ga. 283, 285 (1).

3. The trial judge did not err in overruling the claimant's motion for new trial consisting of the general grounds and one special ground complaining of the admission in evidence of the original execution.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

Decided April 8, 1964.

*Llop & Long, Fred A. Gilbert,* for plaintiff in error.
*Charles E. Walker,* contra.