21450. DYSON *v*. THE STATE.

DECIDED JUNE 9, 1931.

*Bennett & Bennett,* for plaintiff in error.

*W. C. Parker, solicitor,* contra.

LUKE, J. The accusation in this case charges that in Ware county, Ga., on August 23, 1930, J. C. Dyson "did accept delivery of, receive, control and have in his possession . . intoxicating

liquors." A jury found the defendant guilty, and he excepts to the judgment overruling his motion for a new trial.

C. F. Justice testified: that he, a deputy sheriff, was with a party of officers who went to the home of J. C. Dyson in Ware county, Ga., on August 23, 1930; that under the authority of a search warrant they searched the house for whisky; that when they started to look in a certain trunk in the house Mrs. Dyson sat on the trunk and begged that it not be searched—said that "her dead brother's picture was in the trunk, and that she did not want anybody to see it;" that defendant was not at home; and Mrs. Dyson asked that they not go in her trunk until defendant returned; that the trunk was unlocked and searched, and that at the bottom of it were found a fourteen-ounce bottle and two twelve-ounce bottles of whisky; and that the officers found elsewhere in the house a case of fourteen-ounce bottles which had never been used. The three bottles of whisky and the case of empty bottles were admitted in evidence, the record stating that the empty bottles were similar in shape, and of the same size as one of the bottles containing the liquor.

Dr. Latimer testified: that he had treated Mrs. Dyson since she was "a little tot;" that four or five years previously she caught the flu and almost had pneumonia; that the lady was in "a run-down condition," and witness "advised her to take some stimulant, preferably good whisky;" that in 1927 witness gave Mrs. Dyson a certificate that she needed a stimulant, "preferably good whisky;" that within the last three months Mrs. Dyson came to witness's office and asked about keeping up the stimulant; that she was looking good—didn't look as if she needed a stimulant, but witness told her that if it seemed to be doing her good and she could get some good whisky, she had better keep it up; and that witness had never given the lady a prescription for whisky, but had given her a certificate "stating that she needed a stimulant, preferably good whisky." John A. McDaniel testified that defendant wanted to buy some syrup from him, and that he told defendant to get some bottles, and he would put the syrup in the bottles.

After stating to the jury that Dr. Latimer had recommended that his wife have good whisky when she had the flu, and that his wife was sick all the time, the defendant further told the jury: "I got the whisky for her, and she has been taking it all along. I have kept a little whisky all along for her use. . . That is my

whisky. I do not deny it, but I bought it for my wife to take as a medicine. It helped her more than anything. The doctor advised her to take it for her health, and that is why I had the liquor. I bought some syrup from Mr. McDaniel, and I bought that case of pint bottles to put syrup in."

■ There can, of course, be no question that the evidence and the defendant's statement abundantly supports the verdict; and, therefore, we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ The gist of the first of the two special grounds is that in admitting in evidence the case of new empty pint-bottles the court erred for the reason that the bottles were irrelevant to any issue in the case. We do not agree with counsel, and we hold that these empty bottles found in the home of the defendant at the same time the whisky was found there were properly admitted in evidence.

■ The last special ground complains of the court's refusal to charge the jury as follows: "The intention of the legislature in enacting the prohibition statute was to prevent the evils of intemperance caused by the use of intoxicating liquors as a beverage. The law should be interpreted so as to accomplish this beneficent purpose. There should be a reasonable construction, equally removed on the one hand from that extreme strictness which would make it unpopular or ridiculous and difficult of enforcement, and, on the other, from that latitude which would render it ineffective." It will be observed that the foregoing request is in the language of headnote 2 of the decision in *Roberts* v. *State*, 4 *Ga. App.* 207 (60 S. E. 1082), and that it refers there to the prohibition statute of 1907. Many things are said by appellate courts which are not appropriate in charges to juries. Certainly, where our present prohibition law is as plain and clear as it is, there is no occasion for a trial judge, in charging that law, to burden the jury with refined disquisitions upon the construction of it. His honor charged the law of the case plainly and fairly, and no complaint is made of the charge given. His refusal to charge as requested was eminently correct.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*