## 37190. GRIFFIN *v.* THE STATE.

CARLISLE, Judge. 1. This was a prosecution under an accusation charging the defendant with the possession of non-tax-paid whisky. The sheriff testified that he made a raid on the defendant's home and found a bottle of whisky about half full; that the bottle had no stamps on it and that it was moonshine whisky; that it was not the kind of whisky that is sold in "Government stores." The defendant in his statement admitted that the whisky was in his house. There was no evidence that the house was not in the defendant's exclusive possession and control, and since it was admitted that the whisky was in the residence of the defendant, this raised an inference

that the possession of the whisky was that of the defendant. *Gray* v. *State,* 66 *Ga. App.* 50 (2) (16 S. E. 2d 916). While the defendant sought to rebut this inference by stating that the whisky was his wife's whisky, whether this was a sufficient rebuttal of the inference was a question for the jury. The evidence authorized the verdict.

2. The first special ground of the motion for new trial complains because the trial court refused to grant a mistrial on motion of the defendant after the sheriff testified, "We received reports that Mr. Griffin was selling whisky." This ground of the motion shows that the trial court sustained the defendant's objection to this testimony and ruled the evidence out and instructed the jury not to consider this statement. While this evidence, aside from the fact that in the form submitted it was hearsay, was not admissible on the prosecution of the defendant for the mere possession of non-tax-paid whisky, its harm was not so great and prejudicial that it could not be removed by a clear instruction by the court that it was not to be considered by the jury. Since the court clearly instructed the jury that this evidence was not admissible and was not to be considered, this ground fails to show harmful error.

3. The second special ground complains because the court denied the motion for mistrial made on account of certain argument of the solicitor. The only objection made was that the argument was very prejudicial. The argument was based on evidence before the jury, and it was not improper or harmful for the reason assigned.

4. The third and final special ground of the motion for new trial complains because the court failed to charge the jury that if more than one person resided in the house where the whisky was found, it was possible that someone other than the defendant could have controlled and possessed the whisky. It does not appear that any request to charge a specific principle of law was made to the court, and this ground does not show that the court failed or refused to charge a specific and legally correct and applicable principle of law. The court is not required to charge the jury hypothetical propositions of fact, but is only required to charge the jury the law. The proposition referred to in this ground may have been a perfectly proper argument for counsel for the defendant to

advance to the jury, but it was not necessarily, for this reason, a proper subject on which the court should instruct the jury. This ground does not show error.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 23, 1958.

*James E. Weldon,* for plaintiff in error.
*E. W. Fleming, Solicitor,* contra.