### 38339. VINSON v. THE STATE.

DECIDED SEPTEMBER 8, 1960.

*Fullbright & Duffey,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.

GARDNER, Presiding Judge. Dale Vinson was convicted of possessing non-tax-paid whisky. A motion for a new trial based on the general grounds and four special grounds was overruled and it is to this judgment that the case is here for review.

The evidence shows substantially that State Revenue Agent Herman Evans testified that he and other officers went to the home of the defendant; that the defendant refused to open the screen door; that the defendant's wife ran to the kitchen; that the officers tore down the screen door and entered the home; that after they tore down the door they found that the wife was pouring something from a bucket into the sink in the kitchen; that the liquid in the bucket had the odor of alcohol in it although there was no liquid left in the bucket; that the officers got some of the liquid out of a cup and saucer which were in the sink; that the officers poured the whisky from the cup into a bottle and used it as evidence; that the liquid that came out of the bucket was put in the bottle; that when the defendant's wife was pouring the liquid out the officer was standing right there with her "holding onto it. " Upon being recalled the same witness testified that when the officers went into the kitchen they saw over 100 clean pint bottles; that some of these were in the sink and some were in the bottom of the Frigidaire. The other officers testified substantially' to the same effect. There is sufficient evidence to sustain the verdict as to the general grounds.

The defendant made a rambling statement which did not affirmatively show that he denied his guilt.

Special ground 1 assigns error because it is contended that the court illegally admitted certain evidence over objections of counsel for the defendant, such evidence concerning the number of empty bottles found at the defendant's home. Since the bottles were found at the home of the defendant, it naturally follows that this was part of the evidence submitted by the State in regard to the guilt of the defendant. We do not see that the defendant can complain that evidence in regard to the empty bottles could inflame the minds of the jury. Counsel for the defendant cites in support of the contention that this evidence unduly influenced the jury the case of *Brown v. State*, 94 Ga. App. 542, 544 (95 S.E.2d 302). That case is not on all fours with the case at bar because the facts and the pleadings are entirely different from the instant case. In order for the exclusion of evidence to be considered as a ground for a new trial it must appear that a pertinent question was asked and the

court refused to allow an answer. See *Bowden v. Bowden,* 125 Ga. 107 (53 S. E. 606), and *Loomis v. State,* 78 Ga. App. 336, 337 (51 S. E. 2d 33). Such does not appear in the instant case. Counsel for the defendant objected to the evidence as to bottles and also as to a funnel which was introduced in evidence on the ground that it was irrelevant and immaterial. In *Dyson v. State,* 43 Ga. App. 414 (2) (159 S. E. 143), this court held: "The court did not err in admitting in evidence a case of new empty pint bottles found in the home of the accused at the time whisky' was found there." In division 2 of the same opinion the court held: "The gist of the first of the two special grounds is that in admitting in evidence the case of new empty pint bottles the court erred for the reason that the bottles were irrelevant to any issue in the case. We do not agree with counsel, and we hold that these empty bottles found in the home of the defendant at the same time the whisky was found there were properly admitted in evidence." It is our opinion that the trial court properly admitted the bottles in evidence as a circumstance to be considered by the jury. Articles taken from the premises of the accused tending to establish his guilt of the offense of which he is charged are admissible in evidence. See *Cook v. State,* 33 Ga. App. 571, 572 (127 S. E. 156). This special ground is not meritorious.

We will next discuss special ground 3 since it is so interrelated with special ground 1. Special ground 3 assigns error because it is alleged that the court erred in failing to charge on circumstantial evidence. We hold that the evidence in the instant case was not wholly circumstantial and that the court did not err in failing to charge on circumstantial evidence. In the case of *Morris v. State,* 51 Ga. App. 145, 146 (179 S. E. 822) this court held: ". . . When the State, by direct evidence, showed that the liquor was found in the defendant's home, that he and his wife resided together, and that they were the only persons present in the home at the time of the finding of the liquor, this was direct evidence, and tended to establish the State's case on all the elements of the crime, including knowledge, for the law presumes the liquor belonged to the defendant as the head of the family." See cases cited therein.

*Scott v. State,* 57 Ga. App. 489 (4) (195 S. E. 923) is as follows: "Where the husband, the defendant, and his wife are both present in a house admitted by the defendant to be his home, the wife being in a room thereof destroying intoxicating liquors, and the husband being on the porch thereof when the officers arrive, the finding of such intoxicating liquors in the home under such circumstances is direct evidence of the fact of the defendant's guilt, for when the officer testified that he saw and found the whisky' in the home of the defendant, this was testimony which was the legal equivalent of testimony that the officer saw and found the whisky in the possession of the defendant."

Special ground 2 assigns error because it is contended that the court erred in admitting evidence to the following effect: "We can't take out a warrant for a man selling whisky, when we don't know whether we are going to catch him or not, before we get there." We cannot see that the testimony of the officer in describing the procedure used in his usual duties was prejudicial or harmful to the accused. This special ground is not meritorious.

Special ground 4 assigns error because it is alleged that the trial court at no place in its charge told the jury what stamps, if any, were provided, and left the jury to conclude from their own conjecture that a stamp was provided. The record does not show that there was a request to charge on this point. We do not consider it reversible error to fail to charge as contended in this special ground. This special ground is not meritorious.

In view of the whole record in this case we hold that the court did not err in any respect.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*