38590.   CLINE v. THE STATE.

FRANKUM, Judge. 1. The conviction of the defendant for the offense of possessing non-tax-paid whisky was authorized under evidence that the sheriff, who made a search of the defendant's dwelling house for intoxicating liquors, "heard the stuff being poured out"; that upon search of the house, the sheriff found a jar on the kitchen sink with a small amount of whisky in it; that no tax stamps were affixed to the jar; and that the sink had an odor of whisky in it. *Corbin v. State,* 84 Ga. App. 763 (67 S. E. 2d 478) ; *McQuire v. State,* 82 Ga. App. 132 (60 S. E. 2d 526) ; *Lacount v. State,* 25 Ga. App. 767 (104 S. E. 920). The defendant, in his unsworn statement, denied any knowledge of any whisky in his house, but his statement shows that he moved into the house the day before the sheriff made the search. After the conviction, the defendant filed a motion for a new trial which was overruled by the trial court. Counsel for defendant insists that Chapter 58-10 of the Code does not apply to "dry counties"; that the chapter applies only to those counties where there may be a lawful license issued under *Code Ann.* § 58-1002. And, therefore, Floyd County being a "dry county," the conviction of the defendant was not authorized. This contention is without merit. *Code* § 58-1056 makes the possession of "any distilled spirits or alcohol by any person" a misdemeanor, unless there shall be tax stamps affixed as provided by Chapter 58-10. The general grounds of the motion for a new trial are without merit.

2. The defendant challenged the array of the jurors before

pleading to the merits of the case, which challenge was over-ruled by the trial court. He attempts to assign this ruling as error by a special ground of a motion for a new trial. This is not a proper procedural method by which one may seek a review of such ruling, as a direct assignment of error complaining of such ruling in the bill of exceptions would be necessary. *Porch v. State,* 207 Ga. 645 (63 S. E. 2d 902); *Mattox v. State,* 181 Ga. 361 (182 S. E. 11); *Hargroves v. State,* 179 Ga. 722 (177 S. E. 561); *Lumpkin v. State,* 152 Ga. 229 (109 S. E. 664).

3. The last special ground assigns as error the failure of the trial judge to charge the Code provision as to what type of revenue stamp was required where possession of a container of whisky with no such tax stamps affixed was charged as a crime in order that the jury understand the criminal act. There was no written request for such charge. *Vinson v. State,* 102 Ga. App. 327 (116 S. E. 2d 240).

*Judgment affirmed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED NOVEMBER 29, 1960.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error.
*Chastine Parker, Solicitor-General, Horace T. Clary, Assistant Solicitor,* contra.

