39504.   BRYANT v. THE STATE.

DECIDED JUNE 18, 1962.

*A. Russell Ross,* for plaintiff in error.
*Albert D. Mullis, Solicitor General,* contra.

FRANKUM, Judge. 1. "Where the husband, the defendant, and his wife are both present in a house admitted by the defendant to be his home, the wife being in a room thereof destroying intoxicating liquors, and the husband being on the porch thereof when the officers arrive, the finding of such intoxicating liquors in the home under such circumstances is direct evidence of the fact of the defendant's guilt, for when the officer testified that he saw and found the whisky in the home of the defendant, this was testimony which was the legal equivalent of testimony that the officer saw and found the whisky in the possession of the defendant." *Scott v. State,* 57 Ga. App. 489 (4) (195 SE 923). See *Vinson v. State,* 102 Ga. App. 327 (116 SE2d 240); *Morris v. State,* 51 Ga. App. 145 (179 SE 822); *Cline v. State,* 102 Ga. App. 745 (117 SE2d 887).

"In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Isom v. State*, 32 Ga. App. 75 (122 SE 722). See *Black v. State*, 41 Ga. App. 349 (152 SE 922). Whether or not the defendant presented sufficient facts to rebut the presumption arising from the finding of the non-tax-paid liquor in his dwelling house was a question for the jury. See *Bollen v. State*, 53 Ga. App. 359 (185 SE 837); *Acker v. State*, 78 Ga. App. 819 (52 SE2d 559); *Griffin v. State*, 97 Ga. App. 772 (104 SE2d 511).

The evidence authorized the conviction of the defendant, and the general grounds of his motion for a new trial are without merit.

2. The single special ground of the defendant's motion for a new trial complains that the court erred in admitting in evidence, over defendant's objection, the testimony of the arresting officers relative to the discovery of the non-tax-paid whisky in his house. The basis of this ground is that the whisky was found and seized as the result of an unlawful search of the defendant's dwelling house. This contention is without merit because the evidence shows, without contradiction, that the officers entered and searched the house for non-tax-paid whisky under the authority of a search warrant.

Movant also contends in this ground that the search warrant did not sufficiently describe the "place and premises to be searched and the thing to be seized and . . . that since the warrant was taken out by Billy Josey . . . one of the officers, he could not lawfully execute said warrant." However, the special ground does not set forth the substance of the search warrant, or point out such parts of the record or brief of evidence by page number where same may be found. The ground is incomplete and insufficient to raise any question for decision by this court regarding the legal sufficiency of the search warrant. See *Maxwell v. Hollis*, 214 Ga. 358 (104 SE2d 893); *Childers v. State*, 100 Ga. App. 255 (110 SE2d 697).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*