## 39949.   PETERSON v. THE STATE.

JORDAN, Judge.   The defendant was convicted of the offense of possessing nontax-paid liquor.   His amended motion for new trial was denied, and he excepted to that judgment.   *Held:*

1. The evidence adduced on the trial of this case in behalf of the State, which disclosed that the arresting officers entered and searched the defendant's home for nontax-paid liquor under the authority of a search warrant, that a quantity of nontax-paid liquor was found on the premises, and that the defendant admitted that said liquor belonged to him, was sufficient to authorize the verdict rendered; and the general grounds of the motion for new trial are without merit.

2. The special grounds of the amended motion for new trial complain that the court erred in admitting in evidence the testimony of the arresting officers relating to the discovery of the nontax-paid liquor in the defendant's home, and the physical evidence seized by the officers at the time of the search, over the objection of the defendant that said evidence was obtained as the result of an unlawful search and seizure for the reasons that the officers conducting the search included the person who had sworn to the affidavit obtaining the search warrant and that the search warrant was obtained from the Clerk of the Municipal Court of Columbus.   Under the ruling of this court in *Bryant v. State*, 106 Ga. App. 182, 185 (2) (126 SE2d 538), these grounds are too incomplete and insufficient to raise any question for decision regarding the legal sufficiency of the search warrant since said grounds do not set forth the substance of the search warrant or point out such parts of the record or brief of evidence by page number where the same may be found.   The search warrant was not admitted into evidence nor is it set forth in substance in the grounds of the amended motion or elsewhere in the record.   The court is therefore unable upon review of this record to determine whether or not the warrant was issued by the clerk or merely obtained from him, or to pass upon the other questions sought to be raised in the special grounds.

*Judgment affirmed.   Nichols, P. J., and Frankum, J., concur.*

DECIDED MARCH 14, 1963.

A. L. Haden, Jr., for plaintiff in error.
W. B. Skipworth, Jr., Solicitor, contra.